632 A.2d 556

**COMMONWEALTH of Pennsylvania**

v.

**Jesse Berry GARDNER, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 23, 1993.

Filed Oct. 13, 1993.

Patrick J. Connors, Media, for appellant.

William R. Toal, III, Asst. Dist. Atty., Media, for Com., appellee.

Before CIRILLO, DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

The defendant was charged with simple assault, terroristic threats, and possession of a prohibitive offensive weapon. As a result of negotiations, a plea agreement was reached. In compliance with that agreement, a hearing was held to accept the defendant's guilty plea and impose sentence. Part of the sentence included a restitution order. It is with that portion of the sentence the defendant objects. He claims that the evidence was insufficient to establish the amount of restitution claimed and the defendant's ability to pay. We affirm.

■ The Commonwealth first argues that the defendant's appeal should be dismissed for failure to comply with the requirements of *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), and Pa.R.A.P. 2119(f) which implement 42 Pa.C.S. § 9781(b) dealing with appeals from the discretionary aspects of sentencing. However, this appeal does not involve a discretionary sentencing question. If the question on appeal was whether the trial court should have imposed a restitution requirement as part of the sentencing scheme, the Commonwealth would be correct in its view of the issue as a discretionary sentencing matter. Clearly the decision to impose or not impose restitution is within the trial court's discretion.

However, where, as here, the issue is the sufficiency of the evidence presented at sentencing to justify the amount of the award and the ability of the defendant to pay, the discretionary aspects of sentencing are not implicated. Therefore, there is no requirement to follow the dictates of *Tuladziecki*, and Pa.R.A.P. 2119(f). See *Commonwealth v. Johnson*, 421 Pa.Super. 433, 618 A.2d 415 (1992).

■ Having reviewed the record, we find that there was sufficient evidence presented through the testimony of the victim to support the court's finding on the amount of restitution. Also, while the defendant claims that there was no evidence presented on his ability to pay, the record establishes that he had agreed to pay restitution as part of the plea agreement. The only issue was a determination of the amount. Having agreed to pay restitution, where he was aware of the maximum amount to be claimed prior to the plea, he cannot now raise the question of his ability to pay.

Judgment of sentence affirmed, jurisdiction relinquished.