J-S58010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID M. MEADIUS, | |
| Appellant | No. 1551 WDA 2013 |

Appeal from the Judgment of Sentence July 11, 2013
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0004482-2012

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 26, 2014**

Appellant, David M. Meadius, appeals, *nunc pro tunc*, from the judgment of sentence entered after his open guilty plea to driving while operating privileges are suspended or revoked, operation of a motor vehicle without required financial responsibility, and accidents involving death or personal injury while not properly licensed.[1]  Specifically, Appellant argues that the trial court erred in imposing restitution of $30,487.43 without determining his financial ability to pay, rendering the sentence illegal.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 1543(b)(1), 1786(f), and 3742.1(a), respectively.

On January 17, 2013, Appellant entered an open guilty plea to the charges resulting from a January 17, 2012 motor vehicle accident. On July 11, 2013, the sentencing court sentenced Appellant to sixty days in a county intermediate punishment program, a probationary term of five years, and restitution of $30,487.43 *inter alia*. (**See** Order of Sentence, 7/11/13; Restitution Order, 1/17/13). Appellant timely appealed on September 27, 2013.[2]

Appellant raises the following question for our review:

> Did the sentencing court below impose an illegal sentence upon Appellant when it ordered him to pay over $30,000 in restitution without first determining that he possessed the financial ability to pay such an amount?

---

[2] Appellant wrote plea counsel several letters in August 2013 requesting that he file an appeal. On August 29, 2013, counsel filed a motion to withdraw as counsel and requested that the court appoint counsel to represent Appellant in any post-sentencing matters. The court immediately granted the motion, appointed the Allegheny County Public Defender's Office as Appellant's counsel, and granted Appellant the right to appeal *nunc pro tunc* within thirty days. (**See** Order, 8/29/13).

On September 18, 2013, Appellant filed a counseled motion requesting the court to modify its August 29, 2013 order to characterize prior counsel's motion to withdraw as counsel as being both a motion to withdraw as counsel and a petition for post-conviction collateral relief seeking reinstatement of Appellant's direct appeal rights. The court granted Appellant's motion on October 1, 2013, ordered him to file an appeal, and granted him leave to proceed *in forma pauperis*. (**See** Order, 10/1/13).

On October 2, 2013, Appellant filed an amended appeal to correct his middle initial from "R" to "M." Pursuant to the court's October 4, 2013 order, Appellant filed a Rule 1925(b) statement on October 9, 2013. The court entered its Rule 1925(a) opinion on December 9, 2013. **See** Pa.R.A.P. 1925.

(Appellant's Brief, at 3).

Our standard of review is well-settled:

> A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of the sentence. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. When the legality of a sentence is at issue on appeal, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Catt*, 994 A.2d 1158, 1160 (Pa. Super. 2010) (citations and quotation marks omitted).

Appellant claims that the sentence awarding over $30,000 in restitution as a condition of his probation was illegal when the court did not inquire into his financial ability to pay that amount. (*See* Appellant's Brief at 9-13). We disagree.

The relevant portions of the statutes at issue are as follows:

(a) General rule.—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

(b) Condition of probation or parole.—Whenever restitution has been ordered pursuant to subsection (a) and the offender has been placed on probation or parole, his compliance with such order may be made a condition of such probation or parole.

(c) Mandatory restitution.—

(1) The court shall order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. . . . The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company.

18 Pa.C.S.A. § 1106.

(a) General rule.—In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision.

(b) Conditions generally.—The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life.

(c) Specific conditions.—The court may as a condition of its order require the defendant:

\*　　\*　　\*

(8) To make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby.

42 Pa.C.S.A. § 9754.

Restitution is a creature of statute . . . [w]here that statutory authority exists, however, the imposition of restitution is vested within the sound discretion of the sentencing judge.

In the context of a criminal case, restitution may be imposed either as a direct sentence . . . or as a condition of probation. . . .

*Commonwealth v. Kinnan*, 71 A.3d 983, 986 (Pa. Super. 2013) (citations

omitted). However, "restitution must be determined at the time of

sentencing if the restitution is imposed as a direct sentence." ***Commonwealth v. Deshong***, 850 A.2d 712, 713 (Pa. Super. 2004).

Moreover, an appellant, "[h]aving agreed to pay restitution . . . cannot now raise the question of his ability to pay." ***Commonwealth v. Gardner***, 632 A.2d 556, 557 (Pa. Super. 1993), *appeal denied*, 652 A.2d 835 (Pa. 1994).

During the guilty plea proceedings, the trial judge indicated, without objection, "[a]nd then, the restitution amount has been agreed to, and I have signed that order today, in the amount of $30,487.43, $29,587.43 to AMCO insurance and $900 to [victim]." (N.T. Guilty Plea Hearing, 1/17/13, at 23).

In his brief, Appellant argues that the $30,487.43 in restitution was a probation sentence that required the court to inquire into his financial ability to pay that amount under 42 Pa.C.S.A. § 9754(c)(8). (***See*** Appellant's Brief at 9-13).

The record reflects that neither Appellant nor his counsel disputed the imposition of restitution or the amount. (***See*** N.T. Guilty Plea Hearing, 1/17/13, at 23; N.T. Sentencing Hearing, 7/11/13, at 13; Trial Court Opinion, 12/09/13, at 2). Moreover, Appellant did not "make any argument regarding his ability to pay the restitution amount agreed upon" at either hearing. (Trial Ct. Op., at 7). However, Appellant admits that he "was aware that the judge was going to order that amount paid as restitution . . . not that he agreed to pay it or that he could pay it." (***See*** Appellant's Brief

- 5 -

at 12, n.2). Therefore, we conclude that Appellant has waived the claim of his ability to pay the restitution amount. *See Gardner*, *supra* at 557.

Moreover, the record reflects that the restitution was a part of the direct sentence. (*See* Order of Sentence, 7/11/13; Restitution Order, 1/17/13). The court sentenced Appellant to pay the full amount of restitution both to the insurance company in the amount it previously compensated the victim and to the victim for the balance of her loss. *See* 18 Pa.C.S.A. § 1106(c)(1)(i).

Based upon our review of the record, we conclude that although somewhat ambiguous,[3] the trial court intended it to be a direct sentence of restitution, and the court was, for this reason as well, not required to determine Appellant's financial ability to pay. *See id.* Appellant's issue lacks merit.

Therefore, the court properly sentenced Appellant to pay $30,487.43 in full restitution to the victim and the insurance company, and making complete compliance with that direct sentence a condition of his early release from probation. *See* 18 Pa.C.S.A. § 1106(b). Accordingly, Appellant received a legal sentence. *See Catt, supra* at 1160.

Judgment of sentence affirmed.

_____

[3] The Commonwealth concedes that the record is ambiguous. (*See* Commonwealth's Brief, at 9).

J-S58010-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/26/2014