J-S78041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BILLY ALLEN VAN-ARSDALE, | : | |
| | : | |
| Appellant | : | No. 438 MDA 2014 |

Appeal from the Order entered on August 12, 2013
in the Court of Common Pleas of Adams County,
Criminal Division, No. CP-01-CR-0000678-2010

BEFORE:  GANTMAN, P.J., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:              **FILED JANUARY 30, 2015**

Billy Allen Van-Arsdale ("Van-Arsdale") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the following relevant underlying facts:

On December 15, 2010, [Van-Arsdale] was found guilty[,] after [a] non-jury trial[,] of 25 counts of criminal conduct including numerous convictions of involuntary deviate sexual intercourse, statutory sexual assault, and aggravated indecent assault.  [The convictions arose out of improper sexual contact with two separate victims:  a young adult female and a minor female.] Following his convictions, [Van-Arsdale] was sentenced to an aggregate sentence of no less than 14 years and 9 months nor more than 30 years in a state correctional institution.  Although [Van-Arsdale] was represented by a member of the Adams County Public Defender's Office at trial, he had retained separate private counsel for purposes of sentencing.  [Van-Arsdale] did not file post[-]sentence motions nor [a] direct appeal following sentencing[;] however[,] sentencing counsel filed a timely PCRA Petition on [Van-Arsdale's] behalf.  In his Petition, [Van-Arsdale] raised the following three issues[,] all of which challenged trial

counsel's effectiveness: (1) counsel was ineffective in failing to present character evidence at trial on behalf of [Van-Arsdale]; (2) counsel was ineffective in failing to adequately prepare for trial; and (3) counsel was ineffective in failing to challenge the trial court's failure to properly colloquy [Van-Arsdale] on his waiver of [a] jury trial. A pre-hearing PCRA conference was subsequently held and the issue[s] were identified as those raised in the written Petition[,] with the exception that the issue which related to the failure to present character evidence was phrased in the context of a failure to present alibi testimony. In order to permit all issues to be precisely identified, [Van-Arsdale] was granted leave to file an Amended Petition. In his Amended Petition, [Van-Arsdale] identified three issues for hearing as follows: (1) trial counsel's ineffectiveness in failing to present character witnesses; (2) trial counsel's ineffectiveness in failing to present alibi witnesses; and (3) trial counsel's ineffectiveness in not adequately preparing for trial. In his Amended Petition, and after a review of the waiver colloquy transcript, [Van-Arsdale] abandoned the issue related to the voluntariness of his waiver of [a] jury trial. Following [a] hearing, [Van-Arsdale's PCRA] Petition was denied by Order of Court dated August [12], 2013. No further pleadings were filed until [Van-Arsdale] filed a *nunc pro tunc* [N]otice of [A]ppeal on March 10, 2014.

In response to the *nunc pro tunc* [N]otice of [A]ppeal, by Order dated April 28, 2014, the Superior Court [of Pennsylvania] directed the PCRA [c]ourt to determine whether PCRA counsel [had] abandoned [Van-Arsdale]. On May 15, 2014, the PCRA [c]ourt entered an Order determining [that] counsel had abandoned [Van-Arsdale] and directing the appointment of new PCRA counsel. [The PCRA court allowed Van-Arsdale to pursue his appeal of the denial of his PCRA Petition and directed newly-appointed PCRA counsel to file a Pa.R.A.P. 1925(b) concise statement.] Thereafter, appointed PCRA counsel filed a Statement Pursuant to Rule 1925(b) identifying the matters complained of on appeal. In his Statement, [Van-Arsdale] raises five issues.

PCRA Court Opinion, 8/26/14, at 1-3 (footnotes omitted).

On appeal, Van-Arsdale raises the following questions for our review:

1. Did the [PCRA c]ourt [err] in determining that Van-Arsdale's trial attorney was not ineffective when[] Van-Arsdale's trial

attorney failed to present all of the alibi exhibits, and when Van-Arsdale's trial attorney failed [to] file a motion requiring more specific dates regarding the criminal incident[s]?

2. Did the [PCRA c]ourt [err] in determining that Van-Arsdale's attorney was not ineffective when[] trial counsel advised [] Van-Arsdale that it was in his best interest to waive a jury trial, based in part on the district attorney agreeing to not go after any [mandatory sentences] in exchange for a non-jury trial?

3. [Was] [] Van-Arsdale's PCRA attorney [] ineffective when, [] Van-Arsdale told PCRA counsel that the district attorney had coerced [] Van-Arsdale into waiving a jury trial in exchange for the District Attorney not pursuing mandatory sentence[es,] and PCRA counsel failed to raise the issue[?]

4. [Was] [] Van-Arsdale's PCRA attorney [] ineffective when he failed to raise the issue that [] Van-Arsdale's designation [as] a sexually violent predator ["SVP"] was against the weight of the evidence [where] Van-Arsdale had a zero prior record score, [where] there was no trial testimony of violence, and where [] Van-Arsdale requested that his PCRA attorney [] pursue this issue[?]

5. Did the [PCRA c]ourt [err] in not determining that Van-Arsdale's PCRA attorney was ineffective by not properly presenting the above issues, and by not providing Van-Arsdale a complete copy of his file[,] in contravention of the May 15, 2014 [O]rder?

Brief for Appellant at 4.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

***Commonwealth v. Feliciano***, 69 A.3d 1270, 1274-75 (Pa. Super. 2013)

(citation omitted).

- 3 -

In his first claim, Van-Arsdale contends that his trial counsel was ineffective in failing to fully present an alibi defense.[1] Brief for Appellant at 10. Van-Arsdale also argues that trial counsel was ineffective for failing to file a motion requiring the Commonwealth to provide specific dates as to the alleged criminal incidents. *Id*. at 10, 11-12. Van-Arsdale asserts that had the Commonwealth provided the specific dates of the incidents, his alibi evidence would have provided him a defense to the crimes. *Id*. at 11.

To succeed on an ineffectiveness claim, a petitioner must demonstrate by the preponderance of the evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Commonwealth v. Burno*, 94 A.3d 956, 972 (Pa. 2014) (citation omitted). Counsel is presumed to be effective and the burden is on the appellant to prove otherwise. *Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011).

---

[1] Van-Arsdale does not identify any specific alibi evidence in his brief. *See* Pa.R.A.P. 2119(a) (stating that the argument shall contain such discussion as is deemed pertinent). However, the PCRA court and the Commonwealth state that Van-Arsdale produced various receipts from businesses demonstrating that he had delivered hay during the time period in question. *See* PCRA Court Opinion, 8/12/13, at 4; Brief for the Commonwealth at 5-6.

Here, the PCRA court addressed Van-Arsdale's ineffectiveness claims and determined they are without merit. *See* PCRA Court Opinion, 8/12/13, at 4-6.[2, 3] We agree with the PCRA court's sound reasoning and affirm on this basis. *See id*.

In his second claim, Van-Arsdale contends that his trial counsel was ineffective for advising him to waive a jury trial in exchange for the prosecution agreeing to not seek mandatory sentences. Brief for Appellant at 12. Van-Arsdale argues that he was unaware of essential protections inherent in a jury trial, including the lack of jury instructions concerning an alibi defense, which would not be given in a non-jury trial. *Id*. at 13. Van-Arsdale asserts that trial counsel attempted to cure the ineffectiveness in failing to file an alibi defense by advising Van-Arsdale to forego a jury trial. *Id*.

The PCRA court concluded that Van-Arsdale's contention is waived:

> This issue has been waived as [Van-Arsdale] did not pursue the issue at [the PCRA] hearing. *Commonwealth v. Berry*, 877 A.2d 479, 485 (Pa. Super. 2005). In his initial [PCRA] Petition, [Van-Arsdale] phrased the issue as one of trial counsel's

---

[2] At the hearing on the PCRA Petition, trial counsel testified that the receipts in question do not reflect any specific times and that she could not match the receipts to the alleged times and dates of the incidents. N.T., 6/17/13, at 28.

[3] With regard to Van-Arsdale's claim that his counsel was ineffective for failing to file a motion to determine the specific dates of the alleged incidents, Van-Arsdale concedes that the Commonwealth is "afforded broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct." Brief for Appellant at 11 (citing *Commonwealth v. Brooks*, 7 A.3d 852, 858 (Pa. Super. 2010)).

ineffectiveness for failure to challenge the [trial c]ourt's improper colloquy of [Van-Arsdale] concerning his jury trial waiver. At [the] pre-hearing conference, the issue was slightly rephrased as a challenge to the voluntariness of [Van-Arsdale's] jury trial waiver. At that time, the [PCRA c]ourt directed [that] a transcript of the colloquy be prepared and permitted [Van-Arsdale an] opportunity to precisely define the issue which he intended to raise. In his Amended PCRA Petition, [Van-Arsdale] did not identify any issue related to his waiver of jury trial. Additionally, at [the] hearing, no testimony was presented on this issue. Accordingly, it is waived.

PCRA Court Opinion, 8/26/14, at 3.

Upon our review, we agree with the PCRA court's finding and conclude that Van-Arsdale waived this claim. *See id*.; *see also* Pa.R.CrimP. 902(B) (stating that "[e]ach ground relied upon in support of the relief requested shall be stated in the [PCRA] petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief."); *Commonwealth v. Roney*, 79 A.3d 595, 611 (Pa. 2013) (concluding that appellant's issues are

waived for failing to present them to the PCRA court).[4]

In his final three claims, Van-Arsdale contends that his PCRA counsel was ineffective. **See** Brief for Appellant at 14-18. Specifically, Van-Arsdale argues that his PCRA counsel was ineffective for failing to raise the issue that the District Attorney had coerced Van-Arsdale into waiving his right to a jury trial. **Id**. at 14-15. Van-Arsdale also asserts that his PCRA counsel was ineffective for failing to raise the issue that Van-Arsdale's designation as a SVP was against the weight of the evidence.[5] **Id**. at 16-18. Van-Arsdale finally claims that his PCRA counsel was ineffective for failing to provide him with a complete copy of his file, in contravention of the May 15, 2014 Order. **Id**. at 18.

It is well-settled that claims of ineffectiveness of PCRA counsel cannot be raised for the first time on appeal from the denial of PCRA relief. **See**

---

[4] We note that in waiving his right to a jury trial, Van-Arsdale testified that he understood that a jury would be chosen from members of the community, the verdict had to be unanimous, and that he would be allowed to participate in the selection of the jury. **See** N.T., 12/6/10, at 4-5; **see also Commonwealth v. Mallory**, 941 A.2d 686, 696-97 (Pa. 2008) (stating that a valid jury trial waiver requires that a defendant is informed "that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel.") (citation omitted). Van-Arsdale also stated that nobody promised him anything in exchange for giving up his jury trial rights, that nobody threatened him, that he spoke with trial counsel about the decision, that he was satisfied with trial counsel's representation, and that he was voluntarily waiving his jury trial rights. **See** N.T., 12/6/10, at 9-10.

[5] We note that "the explicit language of the PCRA places an independent challenge to classification as a SVP outside the ambit of the PCRA." **Commonwealth v. Masker**, 34 A.3d 841, 842 (Pa. Super. 2011).

***Commonwealth v. Henkel***, 90 A.3d 16, 21-30 (Pa. Super. 2014) (collecting cases and concluding that claims of ineffective assistance of post-conviction counsel, in a PCRA proceeding, may not be raised for the first time on appeal). Here, Van-Arsdale raised his claims of ineffective assistance of PCRA counsel for the first time in his Rule 1925(b) Concise Statement, and never raised the claims in the PCRA court. Accordingly, we cannot address such claims on appeal. ***See Commonwealth v. Ford***, 44 A.3d 1190, 1200-01 (Pa. Super. 2012) (stating that claims of ineffective assistance of PCRA counsel raised in appellant's Rule 1925(b) concise statement, but not in the PCRA petition or in response to a notice of dismissal, are not properly preserved on appeal); ***see also*** Pa.R.A.P. 302(a) (stating that a claim cannot be raised for the first time on appeal).

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2015

- 8 -

IN THE COURT OF COMMON PLEAS OF ADAMS COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA          CP-01-CR-678-2010

VS.

BILLY ALLEN VANARSDALE

## FINDINGS OF FACT

1. On December 15, 2010, the Defendant was found guilty after a non-jury trial of 25 counts of criminal conduct including numerous convictions for involuntary deviate sexual intercourse, 18 Pa. C.S.A. § 3123; unlawful contact with a minor, 18 Pa. C.S.A. § 6318; statutory sexual assault, 18 Pa. C.S.A. § 3122.1; aggravated indecent assault, 18 Pa. C.S.A. § 3125; corruption of minors, 18 Pa. C.S.A. § 6301; and indecent assault, 18 Pa. C.S.A. § 3126.

2. The charges against the Defendant involved improper sexual contact with two separate victims; a young adult female and a minor female.

3. Following his conviction, the Defendant was sentenced to an aggregate sentence of no less than 14 years and 9 months nor more than 30 years in a state correctional institution.

4. At trial, the Defendant presented the testimony of the Reverend Kenneth Swick as to his character for truthfulness. Although aware of his willingness to testify, trial counsel did not call Richard Johnson to testify as to that same character trait.

5. In preparing for trial, defense counsel met with the Defendant on five different occasions in addition to scheduled court dates. At least one meeting which was conducted for purposes of trial preparation lasted four hours. Several of the other meetings were quite extensive. In addition to face-to-face meetings, Defendant met with counsel during court proceedings and through numerous telephone contacts. Trial counsel also had several telephone conversations with the Defendant's wife.

Copies distributed to: DA
P.O., ACACC, Sheriff,
P.D.-Interoffice



SCANNED

6. At trial, the Defendant testified that he was alone with the minor victim on numerous occasions. He also admitted to being with the young adult female victim at the time of the incident. He further admitted that on at least one occasion, he had sexual physical contact with each victim.

7. At trial, defense counsel did not present alibi testimony consisting of receipts which evidenced Defendant's delivery of hay at various locations at various times.

## DISCUSSION

Defendant alleges trial counsel's ineffectiveness on several bases. Initially, Defendant claims trial counsel was ineffective for failing to call Richard Johnson at trial for purposes of presenting character testimony for the trait of honesty. Defendant next claims trial counsel was ineffective in failing to present an alibi defense based upon numerous receipts evidencing the delivery of hay at several locations. Finally, the Defendant alleges a boilerplate claim that trial counsel was ineffective for not adequately preparing for trial. As each of these claims is meritless, the Petition will be denied.

In order to obtain post conviction relief based upon an ineffective assistance of counsel claim, a petitioner must demonstrate that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for her action or inaction; and (3) the petitioner was prejudiced as a result of counsel's act or omission. *Commonwealth v. King*, 57 A.3d 607 (Pa. 2012).

Defendant's first two issues focus on allegations that trial counsel failed to competently present defense testimony and evidence. In order to prevail on a claim that trial counsel was ineffective in failing to present a witness, the petitioner must demonstrate that: (1) the witness existed; (2) counsel was either aware of or should have been aware of the witness's existence; (3) the witness was willing and able to cooperate on behalf of the defendant; and (4) the proposed testimony was necessary to avoid prejudice to the defendant. *Commonwealth v. Bryant*, 855 A.2d 726 (Pa. 2004).

Initially, Defendant alleges defense counsel erred in failing to call a character witness. As the parties have stipulated that the character witness

existed and counsel was aware of the witness's willingness and ability to cooperate, this issue turns upon whether the proposed testimony was necessary to avoid prejudice.

Defendant claims the witness would have offered testimony as to his character for truthfulness. He claims the witness's testimony would have been sufficient to persuade the fact finder to acquit him. The Commonwealth responds that trial counsel presented other character testimony related to the trait of honesty and thus Defendant cannot be prejudiced as the testimony was cumulative. The Commonwealth further suggests that truthfulness was not at issue as the Defendant essentially admitted several of the improper contacts.

It is well settled in Pennsylvania law that a defendant in a criminal case may introduce evidence of his reputation for truthfulness in but two circumstances. First, the accused may introduce evidence of his truthful character if the trait of truthfulness is relevant to the crime with which he has been charged. *Commonwealth v. Fulton*, 830 A.2d 567 (Pa. 2003). Secondly, the accused may introduce evidence of his truthful character if his reputation for truthfulness has first been attacked by the prosecution. *Id*. Neither of those circumstances exists currently.

Defendant is charged with numerous sexual offenses. Appellate authority clearly instructs that the appropriate character traits at issue in cases involving sexual misconduct is the defendant's general reputation in the community with regard to such traits as non-violence, peacefulness, quietness, good moral character, chastity, and disposition to observe good order. *Commonwealth v. Lauro*, 819 A.2d 100, 109 (Pa. Super. 2003). The character trait for truthfulness is not relevant to charges involving sexual assault. *Id*. Thus, Defendant's proffered testimony is not relevant under a theory that it relates to the charges which he faced.

Additionally, although Defendant testified at trial, the Commonwealth did not directly assail the Defendant's community reputation for truthfulness. Rather, the prosecution merely introduced evidence contradicting the facts to which the Defendant testified. The presentation of such evidence is insufficient to open the door for the Defendant to introduce evidence of his alleged

3

reputation for truthfulness. ***Fulton***, *supra,* at 573 (evidence of defendant's reputation for truthfulness is not admissible where prosecution has not attacked defendant's truthful reputation in the community generally but has merely presented evidence contradicting defendant's testimony). As the evidence proffered by the Defendant is legally inadmissible, trial counsel cannot be held ineffective for failing to pursue a meritless claim. ***Commonwealth v. Taylor***, 933 A.2d 1035 (Pa. Super. 2007).[1]

Even had the character evidence been legally admissible, trial counsel's failure to introduce the same did not result in prejudice to the Defendant. The Rules of Evidence permit the trial court to exclude relevant evidence if it is cumulative. Pa. R. Evid. 403. This rule empowers the trial court to limit the number of character witnesses at trial where the testimony is repetitive. ***Commonwealth v. Owens***, 649 A.2d 129 (Pa. Super. 1994). Instantly, Defendant called a character witness to testify solely to his reputation for truthfulness in a non-jury trial in which Defendant essentially admitted to at least two improper physical contacts with the victims. Further testimony related to the Defendant's truthfulness would have added little, if anything, to resolution of the issues before the Court.

Defendant also claims trial counsel's ineffectiveness for failure to present alibi evidence. In support of his claim, the Defendant produced at P.C.R.A. hearing numerous receipts from businesses to which he claimed to have delivered hay during the relevant time periods. He argues that these receipts establish he lacked the opportunity to commit the crimes for which he was convicted.

The defense of alibi is a defense which "places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party."

---

[1] As previously mentioned, trial counsel did call one character witness who testified without objection from the Commonwealth. Admission of this testimony without objection from the Commonwealth does not equate to a finding that the testimony is otherwise proper. Any argument that trial counsel was ineffective for failing to intentionally introduce improper testimony is ludicrous as it condones the intentional violation of the Rules of Professional Conduct. Pa. R. Prof'l Conduct 3.1 (relating to meritorious claims and contentions).

*Commonwealth v. Johnson*, 646 A.2d 1170, 1172 (Pa. 1994). According to the information, the allegations against the Defendant stem from incidents occurring on non-specific dates between June 1, 2007 and January 7, 2010.[2] Therefore, for the alibi testimony to have been relevant, it must support an inference that the Defendant did not have the opportunity to commit the crime during the relevant time period alleged by the Commonwealth. The difficulty in accepting Defendant's argument is that the evidence fails to support such an inference.

As mentioned, the allegations against the Defendant included allegations of improper sexual contact with two separate victims. In regard to the minor victim, Defendant admitted at trial that he not only had sexual contact with the victim on at least one occasion, but also that the opportunity to commit the other crimes existed.[3] Additionally, Defendant's trial testimony confirmed that he was

---

[2] Pennsylvania law recognizes that it is entirely proper for the Commonwealth to generally allege the occurrence of a criminal incident over a period of time. *See* Pa. R. Crim. P. 504(4)(a) ("if the specific date is unknown, or if the offense is a continuing one, it shall be sufficient to state that it was committed on or about any date within the period of limitations"); *Commonwealth v. Brooks*, 7 A.3d 852, 858 (Pa. Super. 2010) (Commonwealth must be afforded latitude in fixing the date of an offense related to a continuous course of criminal conduct and may allege the offense to have occurred on any date within a fixed period, especially in a case involving sexual offenses against a child victim).

[3] During cross-examination of the Defendant by the Commonwealth, the following exchange occurred:

Q: And there were times you had gone over to the house before this incident in January, times you had gone there and L.Z. was home alone; isn't that true?

A: Yes.

Q: So this wasn't the first time you were ever alone in the house with L.Z., were you?

A: No.

Q: Now, there's also times I know you talked about the incident where L.Z. was ten and you were out in the field mowing. Other than that time, there were a number of occasions where L.Z. would be with you while you were working around the farm; isn't that true?

A: I wouldn't say a number of occasions, no.

Q: Talking at least ten?

A: Right close to me, no.

...

5

with the young adult victim at the time she alleged the incident occurred. Under these circumstances, the record clearly demonstrates the Defendant had the opportunity to commit the crimes of which he was convicted. Trial counsel properly recognized as much in concluding that the hay receipts lacked relevancy. Accordingly, this claim is meritless as the Defendant was not prejudiced by counsel's failure to pursue a non-existent alibi defense.

Defendant's final claim is a general boilerplate claim that trial counsel failed to sufficiently meet with the Defendant and properly prepare for trial. As Defendant has not alleged any prejudice resulting from the claimed deficiencies of counsel, this claim is also meritless. *See Commonwealth v. Speight*, 854 A.2d 450, 461 (Pa. 2004) (boilerplate allegations that counsel failed to adequately prepare for trial are inadequate to meet defendant's affirmative burden to establish ineffectiveness of counsel). Indeed, this Court feels compelled to note that the Defendant's bold assertions are not only legally insufficient to justify relief but are also factually inaccurate. Trial counsel credibly testified as to numerous personal and telephone pre-trial contacts with both the Defendant and his wife. At least one of those meetings lasted approximately four hours. Counsel spoke with the Defendant about trial issues and potential witnesses including her reasoning for not presenting an alibi defense. This Court's observations of trial counsel's interaction with the Defendant during pre-trial and trial phases, in connection with her trial performance, corroborates the conclusion that counsel thoroughly and exhaustively prepared for trial. Indeed, counsel presented the Defendant's claim in the best light possible under the factual circumstances with which she was confronted. Trial counsel's actions in the course of her representation of the Defendant not only fell within the permissible range of prudent representations of her client's interests but were consistent with the high quality of legal stewardship demanded by this Court.

---

Q: Were there other times that L.Z. was at the house and you were at the house outside and you two were alone?

A: I'm sure there was.

Tr. Trial, p. 164-65.

6

For the foregoing reasons, the attached Order is entered.

## ORDER

AND NOW, this 8th day of August, 2013, the Defendant's P.C.R.A. Petition is denied and dismissed.

The Defendant is advised that he has the right to file an appeal to the Pennsylvania Superior Court from this Court's dismissal of his Petition. If he wishes to file an appeal, it must be filed within thirty (30) days of the date of this Order. The appeal must be in writing and specify the issues he intends to raise.

The Defendant is further advised that he has the absolute right to be represented by an attorney on appeal. If he is unable to continue to afford the services of current counsel, upon application to the Court, appellate counsel will be appointed to represent the Defendant at no charge if he financially qualifies. The Defendant is also advised that he has the right to proceed in forma pauperis on appeal which means if he is unable to afford the costs related to an appeal, those costs will be paid by the County of Adams on his behalf at no charge to him.

A copy of this Order shall be forwarded by the Clerk of Courts Office to the Defendant by certified mail, return receipt requested, and also on the Defendant's counsel of record.

BY THE COURT:

MICHAEL A. GEORGE
President Judge

Shawn C. Wagner, Esquire
John B. Elbert, Esquire
jvs

7