J-S44010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NICKIE ROBERT LOGAN | |
| Appellant | No. 1220 WDA 2014 |

Appeal from the PCRA Order June 23, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004530-2011
CP-02-CR-0004829-2011
CP-02-CR-0006403-2011

BEFORE:  LAZARUS, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED OCTOBER 14, 2015**

Appellant Nickie Robert Logan appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, which dismissed his petition filed for relief pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On February 1, 2012, a jury convicted Appellant of:  fleeing or attempting to elude police,[2] receiving stolen property,[3] and two counts of

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 75 Pa.C.S. § 3733(a).

recklessly endangering another person ("REAP")[4] at CP-02-CR-00004530-2011 ("Docket No. 4530");[5] fleeing or attempting to allude police, receiving stolen property, unauthorized use of an automobile,[6] resisting arrest or other law enforcement,[7] and accident involving damage to attended vehicle[8] at CP-02-CR-0004829-2011 ("Docket No. 4829");[9] and receiving stolen property, criminal mischief,[10] and two counts of theft by unlawful taking,[11] at CP-02-CR-0006403-2011 ("Docket No. 6403").[12, 13]

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

[3] 18 Pa.C.S. § 3925.

[4] 18 Pa.C.S. § 2705.

[5] These convictions stemmed from Appellant's theft of a Buick Century on March 31, 2011.

[6] 18 Pa.C.S. § 3928(a).

[7] 18 Pa.C.S. § 5104.

[8] 75 Pa.C.S. § 3743.

[9] These convictions stemmed from Appellant's theft of a Jeep Cherokee on January 28, 2011.

[10] 18 Pa.C.S. § 3304(a)(2).

[11] 18 Pa.C.S. § 3921(a).

[12] Police filed this criminal complaint against Appellant for his involvement in the theft of eight vehicles with damaged steering columns and doors that were stolen in January and March of 2011, including the Buick Century and the Jeep Cherokee. One conviction of theft by unlawful taking at this criminal information stemmed from Appellant's theft of the Jeep Cherokee. All other convictions at this criminal information stemmed from Appellant's theft of a Pontiac Grand Am.
*(Footnote Continued Next Page)*

On March 19, 2012, the court sentenced Appellant to an aggregate term of eight (8) to seventeen (17) years' incarceration, plus two years' probation.[14] On March 28, 2012, Appellant filed post-sentence motions, which the court denied the next day. On April 26, 2012, Appellant filed a notice of appeal. After complying with Pa.R.A.P. 1925(b), Appellant filed a

*(Footnote Continued)* _____

[13] The jury acquitted Appellant of charges of escape, possessing instruments of crime, aggravated assault, theft of a motor vehicle, two charges of loitering and prowling, two additional charges of theft by unlawful taking (for the Buick Century and a Chevrolet Blazer), and an additional charge of receiving stolen property (for the Chevrolet Blazer).

[14] At Docket No. 4530, the court sentenced Appellant to consecutive terms of twelve (12) to thirty-six (36) months of incarceration for fleeing or attempting to elude police, (18) to thirty-six (36) months of incarceration for receiving stolen property and six (6) to twelve (12) months of incarceration for each of his REAP convictions. The court imposed restitution in that case of $1,250.00.

At Docket No. 4829, the court sentenced Appellant to consecutive terms of eighteen (18) to thirty-six (36) months of incarceration for fleeing or attempting to allude police, eighteen (18) to thirty-six (36) months of incarceration for receiving stolen property, and two (2) years of probation for resisting arrest or other law enforcement. The court also imposed a $2,000.00 fine for an accident involving damage to a vehicle and no further penalty for unauthorized use of an automobile. The court imposed restitution in that case of $1,542.20.

At Docket No. 6403, the court sentenced Appellant to eighteen (18) to thirty-six (36) months of incarceration for each of his theft by unlawful taking convictions, the first of which it imposed concurrently with his sentence at Docket No. 4829 for receiving stolen property, and the second of which it imposed consecutively with his other sentences. The court imposed no further penalties for Appellant's remaining convictions and found restitution in this case to be $3,122.56.

notice of discontinuance of action on November 1, 2012, and did not pursue a direct appeal with this Court.

On February 4, 2013, Appellant filed a timely *pro se* PCRA petition.[15] The court appointed counsel who filed five motions for an extension of time to file an amended PCRA petition. On October 29, 2013, Appellant filed a notice of his intent to proceed *pro se*. On January 10, 2014, the PCRA court conducted a ***Grazier***[16] hearing. The PCRA court granted Appellant's request to proceed *pro se* on January 13, 2014. On June 4, 2014, the PCRA court filed a notice of intent to dismiss the petition without a hearing, pursuant to Pennsylvania Rule of Criminal Procedure 907. On June 24, 2014, the PCRA court dismissed Appellant's PCRA petition without a hearing. Appellant timely filed a notice of appeal.[17] The next day, the PCRA court ordered

---

[15] Appellant filed a *pro se* amended PCRA petition, which he dated March 26, 2013, the same day Richard J. Narvin, Esq. entered his appearance for Appellant. Although the amended petition was not docketed, it became part of the record on August 26, 2015, when the court granted Appellant's motion to supplement the record. The PCRA court refers to Appellant's amended PCRA petition in its Pa.R.A.P. 1925(a) opinion, and we shall consider Appellant's issues contained therein preserved for appellate review.

[16] ***Commonwealth v.Grazier***, 713 A.2d 81 (Pa.1998).

[17] Although Appellant's notice of appeal was not filed with the court until July 28, 2014, we deem Appellant's notice of appeal timely because he mailed it from prison on July 22, 2014. ***See Commonwealth v. Patterson***, 931 A.2d 710, 714 (Pa.Super.2007) ("Pursuant to the prisoner mailbox rule, we deem a document filed on the day it is placed in the hands of prison authorities for mailing.").

Appellant to file a concise statement of errors complained of on appeal, and

he timely complied on August 14, 2014.

Appellant raises the following issues for our review:

1. CAN SUBJECT MATTER JURISDICTION BE ESTABLISHED WITHOUT THE COMMONWEALTH SHOWING A NEXUS OF LIABILITY?

2. DID PRE-TRIAL/TRIAL COUNSEL RENDER INEFFECTIVE ASSISTANCE CAUSING [APPELLANT] PREJUDICE IN THE JUDICIAL PROCESS AND TO BE CONVICTED OF CRIMES HE HAS NOT COMMITTED?

3. DID THE TRIAL COURT COMMIT MISCONDUCT BY ALLOWING THE PROSECUTION OF THE SAME CRIME IN DIFFERENT CRIMINAL INFORMATION(S), AND DID THE TRIAL COURT COMMIT ERROR BY ALLOWING [APPELLANT] TO BE PROSECUTED FOR CRIME NOT CHARGED, AND DID THE TRIAL COURT COMMIT ERROR BY FAILING TO INSTRUCT THE JURY?

4. DID THE DISTRICT ATTORNEY KNOWINGLY USE FALSE TESTIMONY AND FABRICATED EVIDENCE TO INFECT THE JURY TRIAL WITH UNFAIRNESS AND CAUSE MR. LOGAN TO BE CONVICTED OF CRIMES HE DID NOT COMMIT?

5. DID THE TRIAL COURT IMPOSE SENTENCE(S) THAT VIOLATED [APPELLANT'S] RIGHT UNDER DOUBLE JEOPARDY, AND ARE THE SENTENCES OF RESTITUTION ERRONEOUS AND UNSUPPORTED BY PROOF OF ACTUAL DAMAGE TO PROPERTY OWNED BY COMMONWEALTH, AND ARE THE SENTENCES OF RESTITUTION A DOUBLE COUNT OF THE SAME RESTITUTION ALREADY IMPOSED?

6. DID THE P.C.R.A. COURT COMMIT REVERSIBLE ERROR(S) IN IT'S REVIEW OF THE P.C.R.A. AND FIRST AMENDED P.C.R.A. PETITION AND, SHOULD THIS MATTER BE REMANDED FOR AN [EVIDENTIARY] HEARING?

Appellant's Brief at 4.

Our well-settled standard of review for orders denying PCRA relief is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

To be eligible for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence was the result of one or more of the following:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
>
> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.
>
> (v) Deleted.
>
> (vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become

- 6 -

available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

In his first argument, Appellant argues the trial court had no subject matter jurisdiction over him. In his *pro se* brief, he suggests that because the police and prosecutors did not own the stolen vehicles, they have failed to establish a "nexus of liability" with Appellant, and that the Commonwealth lacked standing to bring an action against him. **See** Appellant's Brief at 7-10. He concludes that the trial court lacked jurisdiction, and that his conviction and sentence must be vacated. Appellant is incorrect.

Generally, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." **Commonwealth v. Roney**, 79 A.3d 595, 611 (Pa.2013) *cert. denied sub nom.* **Roney v. Pennsylvania**, ___ U.S. ___, 135 S.Ct. 56, 190 L. Ed. 2d 56 (2014) (quoting **Commonwealth v. Spotz**, 18 A.3d 244, 275 (Pa.2011)). However, "[a]n objection to lack of subject-matter jurisdiction can never be waived; it may be raised at any stage in the proceedings by the parties or by a court in its own motion." **Commonwealth v. Little**, 314 A.2d 270, 272 (Pa.1974). An issue regarding the jurisdiction of the trial court lies within the scope of the PCRA. 42 Pa.C.S. § 9543(a)(2)(viii).

Here, Appellant did not raise his subject matter jurisdiction issue in his amended PCRA petition, but instead raised the issue for the first time on appeal. Because subject matter jurisdiction can be raised at any time, this issue is properly before this Court; however, it merits no relief.

"[T]he two requirements for subject matter jurisdiction as it relates to criminal defendants [are] the competency of the court to hear the case, and the provision of formal notice to the defendant of the crimes charged in compliance with the Sixth Amendment of the United States Constitution and Article I, Section 9, of the Pennsylvania Constitution." **Commonwealth v. Jones**, 929 A.2d 205, 210 (Pa.2007). "[T]he courts of common pleas have statewide jurisdiction in all cases arising under the Crimes Code." **Id. See also** 42 Pa.C.S. § 931. "The Commonwealth is the party plaintiff in a criminal prosecution. The district attorney's function is to represent the Commonwealth in these proceedings." **Commonwealth v. Jury**, 636 A.2d 164, 171, (Pa.Super.1993), *appeal denied*, 644 A.2d 733 (Pa.1994) (quoting **Commonwealth v. Malloy**, 450 A.2d 689, 692 (Pa.Super.1982)).

Here, the Allegheny County Court of Common Pleas was competent to hear Appellant's criminal case. Appellant was given notice of the crimes with which he was charged at Docket Nos. 4530, 4829, and 6403. Because the district attorney represents the Commonwealth, who is the party plaintiff in a criminal prosecution, Appellant's argument that the district attorney and

- 8 -

police lacked standing because they did not own the stolen vehicles is devoid of merit.

In his second issue, Appellant alleges his trial counsel was ineffective for failing to conduct pre-trial discovery and discover double jeopardy violations, for failing to present an alibi defense, for failing to file a motion in limine to exclude evidence, and for erroneously advising him not to testify.[18]

This Court follows the **Pierce**[19] test adopted by our Supreme Court to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-*i.e.*, that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

---

[18] "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa.Super.2005). We will address only the allegations of ineffectiveness that we can decipher that he raised in his first amended PCRA petition. **See Roney, supra.**

[19] **Commonwealth v. Pierce**, 527 A.2d 973 (Pa.1987).

*Commonwealth v. duPont*, 860 A.2d 525, 531 (Pa.Super.2004), *appeal denied*, 889 A.2d 87 (Pa.2005), *cert. denied*, 547 U.S. 1129, 126 S.Ct 2029, 164 L.Ed.2d 782 (2006) (internal citations and quotations omitted). The petitioner bears the burden of proving all three prongs of this test. *Commonwealth v. Meadows*, 787 A.2d 312, 319-320 (Pa.2001). "If an appellant fails to prove by a preponderance of the evidence any of the *Pierce* prongs, the Court need not address the remaining prongs of the test." *Commonwealth v. Fitzgerald*, 979 A.2d 908, 911 (Pa.Super.2009), *appeal denied*, 990 A.2d 727 (Pa.2010) (citation omitted).

First, Appellant claims his trial counsel was ineffective for failing to conduct a pre-trial investigation, review discovery material, realize a double jeopardy violation existed, and get the charges against him dismissed. He claims that if counsel had carefully reviewed the criminal informations, he would have realized Appellant was charged twice with stealing the same cars. Further, he avers that a more thorough investigation would have proven he did not steal any of the vehicles, and his counsel's failure to get the charges against him dismissed, or alternately, to win his case, constituted ineffective assistance of counsel. We disagree.

Appellant's first ineffective assistance of counsel claim fails the *Pierce* test because it lacks arguable merit. Nothing in the record indicates trial counsel failed to conduct a pre-trial investigation or review discovery material. Trial counsel displayed a detailed knowledge of Appellant's case as

he cross-examined all witnesses. *See* N.T., 1/30/12, at 43-52 (questioning Officer Zawischa about lighting conditions and initial description of Appellant and comparing Appellant's actual appearance), 98-101 (questioning Officer Myers about whether Appellant was wearing gloves when he was arrested and pointing out discrepancies between his in-court testimony and his description in the original police criminal complaint), 129-130 (questioning Detective Moriarity about the lack of fingerprints or DNA on any of the stolen vehicles). Further, there was no double jeopardy violation to discover.

The double jeopardy clause provides: "No person shall … be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V. "For double jeopardy purposes, it is not enough that the two offenses be part of the same episode; double jeopardy principles bar double prosecution only for a single offense." *Commonwealth v. Downs*, 575, 483 A.2d 884, 887 (Pa.Super.1984). "To determine whether a defendant's protection against multiple punishments for the same offense has been violated, this Commonwealth applies the test set forth in *Blockburger v. U.S.,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)." *Commonwealth v. Jackson*, 10 A.3d 341, 345 (Pa.Super.2010) (quoting *Commonwealth v. Beckwith*, 674 A.2d 276, 279 (Pa.Super.1996)). This test provides:

> In both the multiple punishment and multiple prosecution contexts, […] where the two offenses for which the defendant is punished or tried cannot survive the "same-elements" test, the double jeopardy bar applies. The same-elements test, sometimes referred to as the "*Blockburger*" test, inquires whether each offense

> contains an element not contained in the other; if not, they are the "same offence" and double jeopardy bars additional punishment and successive prosecution.

*Id.* (quoting *United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993)).

Police issued three criminal complaints against Appellant for the many crimes he committed. Appellant is correct the criminal complaint at 6403 refers to his theft of eight vehicles, including the theft of the Buick Century and the theft of the Jeep Cherokee. However, Appellant was not charged twice with the same crimes. Regarding the Jeep Cherokee, he was charged and convicted of fleeing or attempting to allude police, receiving stolen property, unauthorized use of an automobile, resisting arrest or other law enforcement, and accident involving damage to vehicle at Docket No. 4829, and theft by unlawful taking at Docket No. 6403. Each of these crimes has different elements. His allegation that his counsel was ineffective for failing to get the charges against him dismissed is devoid of merit because he was not charged twice with the same crimes.

Next, he contends counsel was ineffective for failing to present an alibi defense. Specifically, he complains that his parole agent, Michael Kotcho, would have testified that he was with Appellant on January 28, 2011, six to seven hours after one of the alleged thefts and that Appellant told him, at that time, that he was at his residence at the time of the theft. Again, Appellant's argument is devoid of merit.

An alibi defense is "a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." **Commonwealth v. Kolenda**, 676 A.2d 1187, 1190 (Pa.1996) (internal citations omitted). "The alibi defense, either standing alone or together with other evidence, may be sufficient to leave in the minds of the jury a reasonable doubt which, without it, might not otherwise exist." **Id.**

Here, Appellant's parole officer's testimony would not have removed Appellant from the scene of the crimes so as to render it impossible for him to be the guilty party. It may have established where he was after one of the car thefts, but that would not have affected where he was during the crime(s) for which he was convicted.

Further, his parole officer could not have testified about where Appellant told him that he was during the crime, because the testimony would have been impermissible hearsay. **See Commonwealth v. Kuder**, 62 A.3d 1038, 1055 (Pa.Super.2013), *appeal denied*, 114 A.3d 416 (Pa.2015) ("hearsay is inadmissible, because such evidence lacks guarantees of trustworthiness fundamental to our system of jurisprudence"); Pa.R.E. 802.

Next, Appellant argues counsel was ineffective for failing to file a motion in limine to exclude evidence, or to object to the introduction of evidence. Appellant avers that the jacket found in the Jeep Cherokee and

the receipt in the pocket did not belong to him, and the prosecution had no reason to introduce them into evidence. He claims his counsel's failure to exclude the prejudicial evidence constitutes ineffective assistance of counsel that entitles him to a new trial. We disagree.

Even if Appellant's claim had merit, and the court excluded the evidence, Appellant cannot prove the introduction of the jacket and receipt into evidence was prejudicial, considering the overwhelming amount of other evidence against him.

Officer Lee Myers testified that he arrested Appellant after Appellant drove a stolen Buick Century, attempted to flee from a marked police vehicle with its emergency lights activated, wrecked two other vehicles, and attempted to run from police on foot. N.T., 1/30-2/1/12, at 85-89. Officer Myers observed that the Buick's passenger window and steering column were broken and that the car was running without a key. *Id.* at 91. Officer Robert Pedley testified that a search incident to arrest revealed two screwdrivers in Appellant's pants pockets. *Id.* at 106. Sergeant Ralf Zawischa identified Appellant as the person he had attempted to arrest after Appellant fled from his marked police vehicle in a stolen Jeep Cherokee, then fled on foot after punching Sergeant Zawischa in the face. *Id.* at 32-36. The Jeep Cherokee also had a smashed door and broken steering column, and it was running without a key. *Id.* at 38. Detective Daniel Soroczak

testified that the condition of these cars was the same as the condition of two other stolen vehicles. *Id.* at 139-140.

Based on the testimony presented in court against Appellant, the introduction of the jacket and the receipt into evidence did not change the outcome of the trial. Because Appellant fails to plead and prove the third prong of the *Pierce* test, this ineffective assistance of counsel claim is without merit.

Next, Appellant argues that trial counsel was ineffective for erroneously advising him not to testify. Again, his allegation merits no relief.

"Claims alleging ineffectiveness of counsel premised on allegations that trial counsel's actions interfered with an accused's right to testify require a defendant to prove either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." *Commonwealth v. Miller*, 987 A.2d 638, 660 (Pa.2009) (internal quotations and citations omitted).

The trial court conducted a colloquy regarding Appellant's decision not to testify on his behalf.

> THE COURT: Now, you have had a full opportunity to speak with [DEFENSE COUNSEL], not just in the last half an hour here, but up to and preparing for trial and throughout the course of the trial; is that correct?

[APPELLANT]: Yeah. I've had various opportunities in the bullpen to speak with him, but he hasn't been to the jail to visit me; but outside of that, we've been in communication with one another.

THE COURT: So are you satisfied today with the services that he's provided to you?

[APPELLANT]: At this point we have a few discrepancies about issues, but we're doing good. You know, he's fairly trying to do the best he can.

THE COURT: Okay. Basically he has spoken to you about your rights as a defendant in a criminal trial?

[APPELLANT]: Yes, ma'am.

THE COURT: And he's explained to you that as a defendant in a criminal trial, you have absolutely no obligation whatsoever to testify. Is that correct?

[APPELLANT]: Yes, ma'am.

THE COURT: And you understand that the burden of proof remains at all times on the Commonwealth and that you as a defendant need do nothing.

[APPELLANT]: Yes, ma'am.

THE COURT: Likewise, however, you have the absolute right to testify if you choose to. And you've discussed this with [defense counsel]?

[APPELLANT]: Yes, ma'am.

THE COURT: Understand that if you do testify, you testify under oath and subject to cross-examination.

[APPELLANT]: Yes, ma'am.

THE COURT: And having discussed your right to testify or your right to remain silent with [defense counsel], have you reached a decision whether or not you wish to testify in this this case?

*  *  *

[APPELLANT]:  I will not testify.

*  *  *

[APPELLANT]:  I apologize.  Yes.  He discussed with me my
right to testify, and I'm giving that up right now.

N.T., 1/30/12, at 172-175.

Appellant's trial counsel did not interfere with his right to testify; rather, he discussed this right with Appellant.  Appellant voluntarily gave up his right to testify and cannot now claim he was deprived of it.  Further, his testimony would not have changed the outcome of his case.  Thus, Appellant failed to establish the underlying claim had merit and failed to establish prejudice.

In his third and fifth issues on appeal, Appellant challenges the legality of his sentence.

"In reviewing an illegal sentence claim, the issue is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo.*"  **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super.2011), *appeal denied*, 38 A.3d 487 (Pa.2011) (internal citations omitted).

> "A court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa.Super.2005) (*en banc), appeal denied,* 917 A.2d 844 ([Pa.]2007). "A sentence is illegal where a statute bars the court from imposing that

sentence" or where the sentence subjects a defendant to double jeopardy. **Id.** at 483 (citations omitted).

**Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa.Super.2007), *appeal denied*, 944 A.2d 756 (Pa.2008).

First, Appellant claims that he was punished twice for the same offense. However, as discussed previously, although he was charged at three different criminal informations, he was not charged twice for the same crime. Because each of his charges and convictions was based on a separate crime, he was not subjected to double jeopardy.

Next, Appellant argues that he was prosecuted for a crime with which he was not charged, and that he did not receive notice he would be charged with the crime of theft by receiving stolen property. Again, his argument lacks merit. Police filed a criminal complaint against Appellant on April 28, 2011, charging him with six counts of receiving stolen property.

Next, Appellant contends his sentences of restitution were illegal. He seems to argue that because the Commonwealth did not present photographic evidence of the damaged vehicles, there was no "nexus of liability" between himself and the damage done to the cars, which makes the restitution unsupported. Appellant's Brief at 39-40. His sentences of restitution were legal.

We observe:

> In the context of criminal proceedings, an order of "restitution is not simply an award of damages, but, rather, a sentence." **Commonwealth v. C.L.,** 963 A.2d

- 18 -

489, 494 (Pa.Super.2008). An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. ***Commonwealth v. Redman***, 864 A.2d 566, 569 (Pa.Super.2004), *appeal denied,* 875 A.2d 1074 ([Pa.]2005).

***Commonwealth v. Stradley***, 50 A.3d 769, 771-72 (Pa.Super.2012).

The relevant statute on restitution provides, in pertinent part:

### § 1106. Restitution for injuries to person or property

**(a) General rule.--**Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

\*    \*    \*

**(c) Mandatory restitution.—**

\*    \*    \*

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

\*    \*    \*

(4) (i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be

ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

(ii) Where the district attorney has solicited information from the victims as provided in subparagraph (i) and has received no response, the district attorney shall, based on other available information, make a recommendation to the court for restitution.

18 Pa.C.S. § 1106.

Here, the court imposed restitution for the damage Appellant caused to the vehicles he stole in the amount of $1,250.00 at Docket No. 4530, $1,542.20 at Docket No. 4829, and $3,122.56 at Docket No. 6403. At sentencing, Appellant's counsel stated: "[W]e don't dispute that the damage was done to those vehicles, and those are accurate reflections of the value." N.T., 3/19/12, at 5. The statute does not require photographic evidence. Thus, Appellant stipulated to the restitution and his issue is meritless.

In his third and fifth issues, while still claiming to challenge the legality of his sentence, Appellant also challenges the propriety of the trial court's jury instructions. Appellant claims the trial court impermissibly altered the burden of proof by telling the jury it could find Appellant guilty of theft by receiving stolen property if: "the defendant received, retained or disposed of the property, *either knowing that it had been stolen or believing that it had probably been stolen*." Appellant's Brief at 28 (quoting N.T., at 246). He also claims the trial court improperly instructed the jury when it stated: "the Commonwealth has charged here that the crime the defendant

- 20 -

intended to commit with the screwdrivers, those being the instruments they allege meet the standard for this count of receiving stolen property." Appellant's Brief at 30 (quoting N.T., at 250). He claims this error caused the jury to impermissibly convict him of receiving stolen property when it acquitted him of possessing an instrument of crime. Unfortunately for Appellant, challenges to a trial court's jury instructions are not cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2). Accordingly, these claims fail.[20]

In his fourth issue, Appellant alleges prosecutorial misconduct. He claims the prosecutor knowingly used false testimony and fabricated items as evidence "to infect the trial [] with unfairness" and to "shift the burden of proof" to Appellant. Prosecutorial misconduct is not cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2). Therefore, Appellant's fourth claim fails.

_____

[20] We note that counsel was not ineffective for failing to object to these jury instructions. The court properly instructed the jury on the crime of receiving stolen property. N.T., 1/30-2/1/15, at 243-246. The court then gave the jury proper instructions on possessing an instrument of crime. *Id.* at 250-251. In its concluding sentence, however, the court misspoke and uttered the phrase to which Appellant refers above, naming the count as "receiving stolen property" rather than possessing an instrument of crime. *Id.* This, however, was harmless error. The jury convicted Appellant of receiving stolen property, but acquitted Appellant of possessing an instrument of crime. The crime of receiving stolen property does not require possessing an instrument of crime. 18 Pa.C.S. § 3925. Therefore, despite Appellant's contention, the jury permissibly convicted him of receiving stolen property even though it acquitted him of possessing an instrument of crime.

In his sixth and final issue, Appellant argues the PCRA court erred by failing to conduct an evidentiary hearing on Appellant's issues, and that its Pa.R.A.P. 1925(a) opinion is not supported by the record. We disagree.

"A PCRA petitioner is not entitled to an evidentiary hearing as a matter of right, but only where the petition presents genuine issues of material fact. A PCRA court's decision denying a claim without a hearing may only be reversed upon a finding of an abuse of discretion." ***Commonwealth v. Keaton***, 45 A.3d 1050, 1094 (Pa.2012) (citing Pa.R.Crim.P. 909(B)(2); ***Commonwealth v. Harris***, 852 A.2d 1168, 1180 (Pa.2004)).

Here, as previously discussed, Appellant's amended PCRA petition does not present an issue of material fact that would warrant an evidentiary hearing. Thus, the PCRA court did not err in dismissing Appellant's PCRA petition without a hearing. For the foregoing reasons, we affirm the PCRA court's order dismissing Appellant's petition for relief.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2015