618 A.2d 415

**COMMONWEALTH of Pennsylvania**

v.

**Aaron JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 16, 1992.

Filed Nov. 16, 1992.

434

Joel I. Fishbein, Philadelphia, for appellant.

Karen A. Brancheau, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before McEWEN, DEL SOLE and HUDOCK, JJ.

DEL SOLE, Judge.

This a direct appeal from a judgment of sentence imposed for the convictions of knowing or intentional possession of a controlled substance and possession of a controlled substance with intent to manufacture or deliver. Finding no abuse of discretion or error of law by the trial court, we affirm.

On August 8, 1990, Philadelphia Police Officer Genaro Fontanez was working with a partner on a drug surveillance assignment in a North Philadelphia neighborhood. Officer Fontanez observed Appellant, Aaron Johnson, approach a car at the intersection of Somerset and Reese Streets, one-half block away. Appellant briefly conversed with the driver and then handed him a green plastic packet, receiving money in exchange. Officer Fontanez followed Appellant until he reached Reese Street, where the officer lost sight of him for a brief moment. The officer next observed Appellant holding a paper bag, which he placed underneath a tire lying on the pavement. Appellant proceeded up Reese Street to the residence of Leslie Waters, approximately one hundred fifty feet away from the location of the bag. Upon reaching Ms. Waters' house, Appellant joined several neighbors who were working on Ms. Waters' car in front of her home.

Officer Fontanez went to investigate the contents of the paper bag left under the tire, while his partner apprehended

Appellant. The bag contained $1503.00 and five hundred twenty-seven small green packets of a white substance, which tested positive for the presence of cocaine and had a street value in excess of $35,000.00.

A jury found Appellant guilty of knowing or intentional possession of a controlled substance and possession of a controlled substance with intent to manufacture or deliver. Timely post-verdict motions were filed, and new counsel was appointed. The trial court, after hearing argument on the motions, denied them and imposed a sentence of five to ten years' imprisonment and a mandatory fine of $25,000.00, pursuant to 18 Pa.C.S.A. § 7508(a)(3)(iii). This appeal followed.

Appellant raises six issues for review:

1) Whether the verdict was supported by sufficient evidence, and whether the verdict was against the weight of the evidence and contrary to law?

2) Whether the supplementary instruction given to the jury regarding the legal definition of possession was contrary to law and highly prejudicial?

3) Whether trial counsel was ineffective for failing to give notice of an alibi defense, and for failing to request the standard alibi instruction?

4) Whether the sentence imposed constituted an aggravated sentence according to the sentencing guidelines and whether the court placed on the record any circumstance justifying an aggravated sentence?

5) Whether Appellant's prior conviction for a weapons misdemeanor was too remote to be considered in his sentencing?

6) Whether the mandatory fine set forth in 18 Pa.C.S.A. § 7508(a$)(3)(iii) is unconstitutional on its face and as applied in Appellant's case?

■ First we address Appellant's claims regarding the weight and sufficiency of the evidence in his case. Appellant argues that because he was not seen with the paper bag in his hand for any substantial period of time prior to the officer's observance of him placing the bag under the tire, there was no

evidence that Appellant exercised dominion and control over the bag.

In reviewing for sufficiency of evidence the test is whether the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, and drawing all reasonable inferences therefrom, is sufficient to enable the trier of fact to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Edwards*, 521 Pa. 134, 555 A.2d 818 (1989). In the instant case, the officer *did* see the bag in Appellant's hand for a brief instant before Appellant secreted it in the tire. (N.T. 1/11/91, 28). The jury could correctly infer from the fact that Appellant hid the bag that he intended to exercise dominion and control over it; one does not deliberately hide property to which he is relinquishing ownership. Therefore, we find the evidence to be sufficient for the jury to have found every element of the crimes charged proven beyond a reasonable doubt.

Appellant does not specifically argue in what manner the verdict is against the weight of the evidence; however, we note that it is the jury's prerogative to believe all, part or none of the evidence, *Id.*, and there is no inconsistency between the evidence and the verdict so as to shock our sense of justice. *Commonwealth v. Hunter*, 381 Pa.Super. 606, 554 A.2d 550 (1989). Therefore, Appellant's argument concerning the weight of the evidence also fails.

Appellant's second contention on appeal is that the trial court's supplementary instruction regarding the legal definition of possession was contrary to law and highly pre$judicial. When the jury requested that the court re-read Officer Fontanez's testimony regarding Appellant's discarding the paper bag, the court refused and instead gave an instruction concerning the legal definition of possession. Appellant claims that the instruction unfairly drew the jury's attention to a hypothetical basis for a guilty verdict that was not supported by the evidence or testimony.

When a jury requests that recorded testimony be read to it to refresh its memory, it rests within the trial court's

discretion to grant or deny such request. *Commonwealth v. Bell,* 328 Pa.Super. 35, 476 A.2d 439 (1984). We find no abuse of this discretion in the trial court's refusal to re-read the officer's testimony. In the instant case, the supplemental instruction given was in accordance with the standard jury instruction and took into account both the testimony of Officer Fontanez and Appellant's testimony. Therefore, the instruction was neither erroneous nor contrary to law.

■ Appellant's third claim is that trial counsel was ineffective for failing to give notice of an alibi defense and for failing to request the standard alibi instruction. Appellant contends that the testimony of Leslie Waters and her two neighbors establishes that Appellant was in front of Ms. Waters' house, and not at the corner where the drug transaction occurred, for at least five minutes and as much as an hour. Therefore, he claims that because he presented substantial evidence that he was at a place other than the scene of the crime, he deserved to have the jury properly consider an alibi defense.

In the instant case, the testimony of the witnesses does not place Appellant away from the scene of the crime, but rather implies that Appellant was at the scene and that the officers mistakenly identified him as the one who had hidden the bag, instead of the two men Ms. Waters saw running by her. (N.T. 1/11/91, 64–67, 72). Therefore, Appellant was not entitled to an alibi instruction, as he did not present an alibi defense, and accordingly, this claim is meritless. Trial counsel was not ineffective for failing to assert a baseless claim. *Commonwealth v. Garvin,* 335 Pa.Super. 560, 485 A.2d 36 (1984).

■ Appellant's fourth claim is that the trial court erred because the sentence imposed constituted an aggravated sentence and the court failed to state on the record the reasons justifying the imposition of such sentence. The Commonwealth asserts that Appellant has failed to raise a substantial question that the sentence imposed is not appropriate under the Sentencing Code. We disagree, noting that a substantial question is raised where there is an allegation that the sentencing court did not adequately explain its reason for the

sentence. *Commonwealth v. Jones,* 418 Pa.Super. 93, 613 A.2d 587 (1992) (en banc), citing *Commonwealth v. Thomas,* 370 Pa.Super. 544, 537 A.2d 9 (1988). Therefore, we will address the merits of Appellant's first sentencing claim.

■ Sentences imposed at the overlap of the standard minimum and aggravated minimum ranges are presumed to be aggravated, *Commonwealth v. Hoover,* 342 Pa.Super. 163, 492 A.2d 443, 444 (1985), unless the trial judge asserts the contrary on the record. This occurred in the present case, when during sentencing, the judge specifically stated that the minimum sentence was within the *standard* range. (N.T. 9/25/91, p. 10). Therefore, Appellant's claim is meritless.

■ In regard to Appellant's fifth claim that the trial court erred in taking into account a weapons misdemeanor for which he was convicted in 1974, the Commonwealth again asserts that Appellant has failed to present a substantial question that the sentence imposed is inappropriate under the Sentencing Code, in accordance with Pa.R.A.P. 2119(f). Essentially, Appellant claims that the court erred in considering his weapons misdemeanor, as it was too remote in time, and that consequently, his prior record score was miscalculated. The Commonwealth is incorrect in its desire to apply § 9781(b) of the Sentencing Code and Pa.R.A.P. 2119(f) to this issue. Calculation of a prior record score or an offense gravity score are not matters within the trial court's discretion. Therefore, neither § 9781 nor 2119(f) are implicated in this issue on appeal. We hold that where the issue on appeal is the improper calculation of a prior record score or an offense gravity score, a direct appeal lies because these are legal questions, and a discretionary review is not appropriate. Therefore, we will address the merits of Appellant's sentencing issues.

■ In regard to the inclusion of the weapons misdemeanor as a background factor considered in the imposition of Appellant's sentence, we note that Appellant has an extensive history of criminal behavior, including aggravated assault on a police officer, burglary, and sexual offenses against children. The present offenses were committed while he was on proba-

tion. Neither the Sentencing Code nor the sentencing guidelines place any time limits on offenses to be included in the prior record score, as such criminal history is relevant to sentencing. Thus, the 1974 conviction falls within the type of criminal activity that is pertinent to sentencing considerations, and we find no error by the trial court in including it as part of Appellant's criminal history in assigning a prior record score.

 Appellant's final contention is that the mandatory fine of $25,000.00 set forth in 18 Pa.C.S.A. § 7508(a)(3)(iii) is unconstitutional on its face and as applied in the instant case. Appellant argues that because the statute does not permit the court to consider the defendant's ability to pay prior to imposing the fine, the fine is unconstitutional on its face. Appellant claims that the statute is also unconstitutional as applied because he has few assets, was declared indigent by the court and is thus unable to pay the fine. We find no merit to either argument.

In *Commonwealth v. Green*, 406 Pa.Super. 120, 593 A.2d 899 (1991), we held that § 7508 was not a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. The appellant in *Green* argued that because of his advanced age and physical impairments, the imposition of a mandatory sentence under § 7508 amounted to cruel and unusual punishment. This court noted that the legislature, by enacting § 7508, acknowledged the gravity of drug offenses as well as the need to protect the public from such offenses. Therefore, we held that the mandatory minimum sentence established by § 7508 serves as a suitable deterrent and was not unconstitutionally disproportionate to the seriousness of the appellant's crimes.

The instant case, while addressing a different constitutional challenge, is analogous. We find the sentence and fine which Appellant received to be proportionate to the gravity of Appellant's offense. The Eighth Amendment only forbids extreme sentences which are "grossly disproportionate to the crime." *Solem v. Helm*, 463 U.S. 277, 288, 303, 103 S.Ct. 3001, 3008, 3016, 77 L.Ed.2d 637 (1983). We find nothing disproportion-

ate in regard to a $25,000.00 fine for possession of cocaine with a street value of $35,980.00. Therefore, Appellant's argument that the statute is unconstitutional on its face is meritless.

Furthermore, case law also explicitly states that "[t]here is no constitutional requirement that invalidates the imposition of an otherwise valid fine merely because a defendant lacks the immediate ability to pay or would have difficulty in doing so." *Commonwealth v. Church,* 513 Pa. 534, 522 A.2d 30 (1987). However, because payment by Appellant will not become due until he is paroled, the "cruel and unusual" implications of the Eighth Amendment are not applicable until that time. Therefore, the issue of whether the statute is unconstitutional as applied is not before us presently, as it will not arise until collection of the fine. Accordingly, we affirm the judgment of the trial court.

Judgment of sentence affirmed.