646 A.2d 1170

**COMMONWEALTH of Pennsylvania, Appellee**

**v.**

**Aaron JOHNSON, Appellant.**

Supreme Court of Pennsylvania.

Argued April 6, 1994.

Decided Aug. 24, 1994.

Joel I. Fishbein, Philadelphia, for A. Johnson.

Catherine Marshall, Ronald Eisenberg, Karen A. Brancheau, Philadelphia, for the Com.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION

NIX, Chief Justice.

Appellant, Aaron Johnson, was convicted by a jury in the Court of Common Pleas of possession of a controlled substance with intent to deliver[1] and simple possession.[2] He was sentenced to five (5) to ten (10) years imprisonment and fined $25,000. The Superior Court affirmed the judgment of sen-

---

1. 35 Pa.S. § 780–113(a)(30).
2. 35 Pa.S. § 780–113(a)(16).

tence. This Court granted allocatur to consider the issue of whether trial counsel was ineffective for failing to present an alibi defense and for failing to request an alibi jury instruction.

While conducting a drug surveillance, Philadelphia police officer Girard Fontanez observed Appellant exchange a small green packet with another individual for cash. Officer Fontanez lost sight of Appellant for approximately twenty seconds and then observed Appellant place a brown paper bag under an abandoned tire. Officer Fontanez retrieved the bag from under the tire, and upon examining it, found $1,503 in cash and 247 grams of cocaine divided into 527 green packets. He then signaled for his partner to arrest Appellant. At the time of his arrest, Appellant was working on a parked car with some other individuals. The car was approximately 150 feet from where Officer Fontanez had seen Appellant hide the bag.

At trial, Appellant presented three eye witnesses who testified that they saw Appellant at the parked car immediately prior to his arrest for at least five minutes to as much as one hour. He also presented testimony that an unidentified man had run past the parked car just prior to his arrest.

Appellant's trial counsel did not give notice of an alibi defense, nor did he request that the standard alibi instruction be given to the jury. The trial judge did not give an alibi instruction. Appellant was found guilty of possession of a controlled substance with intent to deliver and simple possession.

The Superior Court affirmed the trial court, holding that Appellant was not entitled to an alibi instruction because he did not present an alibi defense and that the evidence implied that Appellant was at the scene of the crime. *Commonwealth v. Johnson*, 421 Pa.Super. 433, 439, 618 A.2d 415, 418 (1992). This Court granted allocatur to determine whether trial counsel was ineffective for failing to give notice of an alibi defense and for failing to request the standard alibi instruction. For the reasons that follow, we affirm the decision of the Superior Court.

In *Commonwealth v. Durst,* 522 Pa. 2, 559 A.2d 504 (1989), this Court enunciated a three-part test to be used in reviewing claims of ineffective assistance of counsel. The first issue to address is whether the appellant's claim is of arguable merit. *Id.* at 4, 559 A.2d at 505. Once this is shown, the appellant must establish that counsel had no reasonable basis for the action, or lack of action, chosen. *Id.* Finally, the appellant must show that he was prejudiced by the commission or omission of counsel. *Id.* at 4–5, 559 A.2d at 505.

Appellant argues that there was substantial evidence presented at trial to support an alibi defense and that an alibi instruction was required because he presented evidence showing a physical separation between the scene of the crime and where he was at the time of arrest. He further asserts that trial counsel's failure to request an alibi instruction and to object to its absence was ineffective assistance of counsel.

The Commonwealth argues that Appellant did not present evidence of an alibi defense; rather, he based his defense on the assertion that the police misidentified him and that the real perpetrator was a man who ran past the car just prior to his arrest. The Commonwealth asserts that an alibi instruction would have been improper, and therefore trial counsel acted properly in not requesting one.

In order for Appellant to succeed in his claim that trial counsel was ineffective, he must first show that his assertion that an alibi instruction was required is of arguable merit. An alibi is " 'a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party.' " *Commonwealth v. Roxberry,* 529 Pa. 160, 163, 602 A.2d 826, 827 (1992) (quoting *Commonwealth v. Jones,* 529 Pa. 149, 153, 602 A.2d 820, 822 (1992); *Commonwealth v. Pounds,* 490 Pa. 621, 631, 417 A.2d 597, 602 (1980); and *Commonwealth v. Whiting,* 409 Pa. 492, 498, 187 A.2d 563, 566 (1963)). This is not to say that a defendant must be a minimum distance away from the scene of the crime in order to support an alibi. All that is required is that the defendant,

because of the separation, could not possibly have committed the crime. *Id.* 529 Pa. at 164, 602 A.2d at 828. In *Roxberry*, the defendant raised an ineffective assistance of counsel claim based on trial counsel's failure to object to the omission of an alibi instruction. The defendant presented evidence that he was in a bar four blocks away from the scene of a crime which occurred between 11:00 p.m. and 1:00 a.m. He testified that he was drinking in the bar from 8:00 p.m. until 1:00 a.m. on the night of the crime. This Court refused to establish a minimum distance requirement between the scene of the crime and where the defendant claims to have been when the crime occurred in order for the defendant to assert an alibi defense. We held that "[t]here is no minimum or threshold quantum of physical separation necessary for a defense to constitute an alibi, so long as the separation makes it impossible for the defendant to have committed the crime." *Id.*

In the instant case, Appellant presented evidence that he was approximately 150 feet away from the tire when he was arrested. The testimony regarding Appellant's location, along with the testimony that the "true owner" of the paper bag ran past the car just prior to Appellant's arrest, does not show that he was removed from the scene of the crime nor that it was impossible for him to have placed the bag under the tire. The scene of the crime is not limited to the tire where the bag was hidden. If the true owner of the bag did run past Appellant, the scene of the crime encompassed the area where he ran. As the Superior Court stated, "the testimony of the witnesses does not place Appellant away from the scene of the crime, but rather implies that Appellant was at the scene and that the officers mistakenly identified him as the one who had hidden the bag. . . ." 421 Pa.Super. at 439, 618 A.2d at 418 (1992).

Appellant's trial counsel presented a defense of misidentification based on the testimony regarding the running man. For Appellant to have been misidentified as the man who ran by, he must have been close enough to the scene that such a misidentification could have been made. After Officer Fontanez saw Appellant place the bag under the tire, he checked its

contents and then signaled for his partner to arrest Appellant. Between the time Officer Fontanez saw Appellant place the bag under the tire and the time his partner made the arrest, it is possible that Appellant could have reached the parked car after having hid the bag. Unlike the defendant in *Roxberry*, whose evidence, if believed, would have made it impossible for him to have committed the crime, the instant Appellant presented evidence placing him at the scene of the crime. This is strengthened by Appellant's defense of misidentification: if Appellant was not at the scene of the crime, he could not have been mistaken for the running man. The testimony placing Appellant at the parked car does not establish an alibi since Appellant was not removed from the scene of the crime and since it was physically possible for him to have committed the crime. Therefore, he was not entitled to an alibi instruction.

As Appellant was not entitled to an alibi instruction, his claim of ineffective assistance of counsel has no merit and must fail. Because Appellant failed to establish that his claim was of arguable merit, our inquiry must end, and there is no need to address the issues of reasonableness and prejudice.

Accordingly, we affirm the Order of the Superior Court.

MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1801, due to the unavailability of LARSEN, J., see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.