676 A.2d 1187

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Zigmont KOLENDA, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 31, 1996.

Decided May 21, 1996.

John T. Drost, Philadelphia, for appellant Kolenda.

Catherine Marshall, Philadelphia, for Com.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

ZAPPALA, Justice.

This appeal raises the issue of whether trial counsel was ineffective for failing to request an alibi instruction. For the reasons that follow, we conclude that counsel was not ineffective and we therefore affirm the decision of the Superior Court.

On November 3, 1988, Edward Gibbs was babysitting his nephew in the apartment of his sister, Joan Concannon. The apartment was located on the second floor of 3854 Terrace Street in Philadelphia. Appellant, Zigmont Kolenda, along with his wife and children, lived in the first floor apartment of the building. Gibbs resided in the third floor apartment with his other sister, Anna Alvin, and her husband.

At approximately 1:00 a.m., Gibbs heard noises coming from the back porch. Upon hearing the noises a second time, Gibbs proceeded to the back door and saw Appellant inside the apartment. When Gibbs asked Appellant what he was doing, Appellant mumbled an unintelligible answer. Appellant then lunged at Gibbs with a razor knife, inflicting several minor cuts. As Gibbs attempted to retreat, he tripped over a table and fell. Appellant jumped on top of Gibbs and threatened to cut his head off. Gibbs screamed for his sister Anna and Appellant fled.

When the police arrived, Gibbs did not reveal Appellant's identity as he was afraid Appellant might retaliate. An officer transported Gibbs to the hospital, but Gibbs left prior to receiving treatment. Gibbs subsequently went to the District Attorney's Office to file a private complaint. Appellant was thereafter arrested.

At trial, Appellant had two theories of defense. He first claimed that Gibbs and his sister Anna had fabricated the story because of an ongoing argument. Appellant also presented the testimony of his wife, Barbara Kolenda, in an attempt to establish an alibi.[1] Kolenda testified that she and Appellant were in bed watching television on the night in question. Kolenda stated that Appellant was in bed when she fell asleep and was also there when she awoke upon hearing the police officers arrive. Although Kolenda testified that she was a light sleeper, she admitted that it was possible that Appellant could have gotten out of bed without her knowing

---

1. Appellant's counsel did not give a notice of alibi to the Commonwealth before trial as is required by Pa.R.Crim.P. 305 C(1)(a). Counsel informed the trial court that he had first learned of the alibi evidence on the second day of trial.

while she was asleep. Appellant testified that he did not enter the second floor apartment or attack Gibbs. He did not, however, specifically testify as to his whereabouts on the evening in question.

On August 16, 1989, a jury convicted Appellant of burglary and simple assault. Post-trial motions were filed and denied and Appellant was sentenced to 4½ to 20 years incarceration for the burglary conviction.[2] The Superior Court affirmed the judgment of sentence. No petition for allowance of appeal was filed.

Appellant subsequently filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.* Counsel was appointed and an amended petition was filed. Therein, Appellant contended that counsel was ineffective for (1) failing to object to certain statements made by the prosecutor during closing argument, and (2) failing to request an alibi charge. The Honorable Joseph I. Papalini of the Philadelphia County Common Pleas Court denied the Commonwealth's motion to dismiss Appellant's amended petition and ordered that an evidentiary hearing be conducted.

The matter was held under advisement and it was later determined that it would be more appropriate for the Honorable Jane Cutler Greenspan to decide the alibi instruction issue since she presided at the original trial. A hearing was conducted and Judge Greenspan ruled that counsel had not been ineffective for failing to request an alibi instruction since no alibi evidence was offered at trial. Judge Papalini subsequently filed an opinion and order denying relief on issue (1).[3] Both orders were consolidated on appeal to the Superior Court, which affirmed the denial of PCRA relief.[4]

---

2. No sentence was imposed for the simple assault conviction.

3. Judge Greenspan later filed an addendum to Judge Papalini's opinion, addressing the disposition of issue (1).

4. Technically, Appellant appealed the order of Judge Greenspan prior to the issuance of Judge Papalini's order. The Superior Court, however, treated Appellant's appeal as having been filed after Judge Papalini entered his order.

■ As noted, Appellant contends that trial counsel was ineffective for failing to request that an alibi charge be given to the jury. In reviewing claims of ineffective assistance of counsel, we must first decide whether Appellant's claim is of arguable merit. *Commonwealth v. Durst,* 522 Pa. 2, 4, 559 A.2d 504, 505 (1989). Once this has been shown, Appellant must then establish that counsel had no reasonable basis for the action, or lack of action chosen. *Id.* Finally, Appellant must demonstrate that he was prejudiced by the commission or omission of counsel. *Id.* at 4–5, 559 A.2d at 505.

■ We note that since Appellant is proceeding pursuant to the PCRA, the requirements enumerated therein must also be satisfied. The case law is clear that a claim concerning the lack of a proper alibi instruction is cognizable under the PCRA because it relates to the truth determining process. 42 Pa. C.S. § 9543(a)(2)(ii); *Commonwealth v. Weinder,* 395 Pa.Super. 608, 577 A.2d 1364 (1990). *See also Commonwealth v. Roxberry,* 529 Pa. 160, 602 A.2d 826 (1992); *Commonwealth v. Jones,* 529 Pa. 149, 602 A.2d 820 (1992).

■ In determining whether Appellant's claim is of arguable merit, we must consider whether an alibi instruction was warranted. We have defined alibi as "a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." *Commonwealth v. Johnson,* 538 Pa. 148, 151, 646 A.2d 1170, 1172 (1994); *Commonwealth v. Roxberry,* 529 Pa. 160, 163–164, 602 A.2d 826, 827 (1992); *Commonwealth v. Jones,* 529 Pa. 149, 153, 602 A.2d 820, 822 (1992); *Commonwealth v. Pounds,* 490 Pa. 621, 631, 417 A.2d 597, 602 (1980); *Commonwealth v. Whiting,* 409 Pa. 492, 498, 187 A.2d 563, 566 (1963). The alibi defense, either standing alone or together with other evidence, may be sufficient to leave in the minds of the jury a reasonable doubt which, without it, might not otherwise exist. *Commonwealth v. Willis,* 520 Pa. 289, 293, 553 A.2d 959, 961 (1989); *Commonwealth v. Bonomo,* 396 Pa. 222, 231–232, 151 A.2d 441, 446 (1959). It is the duty of the trial judge to carefully instruct

432

the jury as to the relationship of the evidence of the prosecution and the evidence of the defendant as each bears upon the essential elements of the crimes charged. *Id.* Such instruction is necessary due to the danger that the failure to prove the alibi defense will be taken by the jury as a sign of the defendant's guilt. *Commonwealth v.Pounds*, 490 Pa. at 633, 417 A.2d at 603. The strength of the Commonwealth's case does not render the absence of an instruction harmless error. *Id.*

Appellant contends that he presented evidence of alibi through his own testimony and that of his wife. He argues that despite this, and the fact that defense counsel noted in his closing argument that alibi evidence had been presented,[5] trial counsel made no request that the court give an alibi charge and interposed no objection when the trial court failed to give one. Appellant recognizes that the evidence, that he was one floor below the crime scene, does not render it *physically impossible* for him to have committed the crimes. He argues, however, that whether there is sufficient evidence of alibi is not a matter of distance or geography.

Although we agree with Appellant's statement of the law, we find that the circumstances in the instant case do not support his theory. In *Commonwealth v. Roxberry*, the sole alibi evidence was the testimony of the defendant that he was at a bar one-half mile from the crime scene when the offenses were committed. We held that under such circumstances an alibi was asserted and an instruction was necessary. We found that there is no minimum or threshold quantum of physical separation necessary for a defense to constitute an alibi, so long as the separation makes it impossible for the defendant to have committed the crime. *Id.* at 164, 602 A.2d at 828.

We elaborated on this point by stating

5. In his closing argument, defense counsel remarked that "... Mr. Kolenda and his wife have testified that Mr. Kolenda was not in that apartment at that time. He was, indeed, in bed watching TV...." Notes of Testimony of August 15, 1989 at 18. The preceding statement was the sole reference to an alibi defense.

It is theoretically possible to assert an alibi even when a crime occurs in the same building where the accused is located. If a convict is accused of stabbing a guard in the basement of a penitentiary and claims he was locked in a cell on the fourth floor when the crime was committed, he has asserted an alibi defense, because he was "in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party."

*Id.* at 164, 602 A.2d at 828.

While recognizing that the testimony of the accused may be sufficient in itself to raise an alibi defense and entitle the defendant to an appropriate jury instruction, we found that the lack of corroboration in some cases makes the defendant's proximity to the crime scene *appear* more suspect.

If appellee had testified as he did, but also presented the bartender and four other patrons to corroborate his presence in the bar, one-half mile from the crime scene, throughout the period of time when the crimes were committed, we would undoubtedly agree that the defense was an alibi. Depending on the character and reputation of the five witnesses, we might consider it a strong alibi defense. If a defendant presented the testimony of twenty clergymen to corroborate his testimony that he was attending divine services in a house of worship one-half mile from the crimes, there would be no question that he had presented an alibi defense.

*Id.* at 165, 602 A.2d at 828.[6]

Appellant, however, did not testify that he was sleeping in his apartment at the time the crime occurred. Nowhere in his testimony did he assert that he was in bed or anywhere else at the time the assault was committed. Had he done so, an alibi would have been presented and an appropriate instruction

---

**6.** We distinguished *Roxberry* in *Commonwealth v. Johnson*, 538 Pa. 148, 646 A.2d 1170 (1994), where we rejected as alibi evidence the defendant's testimony that he was 150 feet away from a parked car where a drug offense was committed. We noted that unlike the evidence offered in *Roxberry*, the defendant in *Johnson* merely established that he was, in fact, present at the crime scene.

warranted because he would have introduced evidence that he was in a different location from the crime scene. It would have been impossible for Appellant to have committed the offenses upstairs if he was downstairs watching television with his wife at the time the burglary and assault occurred. Appellant, however, merely testified that he did not enter the second floor apartment and did not attack Gibbs. These statements do not constitute an alibi but are a mere denial of guilt.

Appellant's wife's testimony is likewise deficient. Although she stated that Appellant was present in bed when she went to sleep and when she awoke, she admitted that it was possible for him to leave while she was asleep. Thus, her testimony did not establish that Appellant was at a location different from the crime scene, considering the fact that the offenses were committed in the apartment upstairs. Although the proximity of the crime scene would not preclude an alibi defense had the defendant himself testified to his whereabouts or had his wife been awake and cognizant of his presence, under the circumstances of this case, an alibi defense was not in fact presented.

Because an alibi instruction was not warranted, counsel cannot be deemed ineffective for failing to request the same. Accordingly, the decision of the Superior Court affirming the denial of post-conviction relief is affirmed.[7]

NIGRO, J., concurs in the result.

---

7.  Appellant further contends that trial counsel was ineffective for failing to object to several remarks made by the prosecutor during closing argument. We have examined the record in great detail and find no error in the prosecutor's statements. This claim, therefore, lacks arguable merit and counsel is not ineffective for failing to pursue it.