J-S01037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                             :                 PENNSYLVANIA
                                             :

                               v.                          :

                                             :

SAMUEL FRANK MARRERO-NARDO,    :
SR.                                     :
                                             :     No. 572 MDA 2021
                    Appellant      :

Appeal from the PCRA Order Entered April 13, 2021
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000026-2016

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:         **FILED: MAY 23, 2022**

Appellant, Samuel Frank Marrero-Nardo, Sr., appeals from the order of

the Court of Common Pleas of Lebanon County (trial court) that denied his

first petition filed under the Post Conviction Relief Act (PCRA).[1]  After careful

review, we affirm.

This case arises out of sexual and indecent assaults committed by

Appellant against two minor girls between May 2004 and May 2005.  Appellant

engaged in two sexual encounters with the older girl (Victim 1), who was 14

or 15 years old at the time, one in which he had Victim 1 straddle and grind

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541–9546.

against him while they were both clothed and another in which he performed oral sex on her and penetrated her vagina with his tongue and penis. N.T. Trial, 5/3/17, at 5, 9-16, 27. Appellant asked the younger girl (Victim 2), who was Victim 1's sister and was 9 years old at the time, for sex, inappropriately touched her body over her clothes, and kissed her on the lips. *Id.* at 61-64, 71-72. The assaults occurred at the victims' house when Appellant, who worked for the victims' father, was staying at their house overnight. *Id.* at 6-7, 16, 24, 29-30, 58, 61-63, 72. The assaults were reported to the police in 2015 and Appellant was charged with involuntary deviate sexual intercourse (IDSI), statutory sexual assault, unlawful contact with a minor, indecent assault, corruption of minors and other offenses.

This case was tried to a jury on May 3 and 4, 2017. At this trial, Victim 1 and Victim 2 testified to Appellant's assaults against them as described above. During Victim 1's testimony, the Commonwealth also introduced in evidence two  messages sent from Appellant's Facebook account to Victim 1 in 2014. N.T. Trial, 5/3/17, at 18-21; Commonwealth Ex. 1. The first of these messages was sent on September 18, 2014 and stated: "hey [Victim 1] it's sam give me a call please at (484) 336-9514 a.s.a.p." Commonwealth Ex. 1; *see also* N.T. Trial, 5/3/17, at 20. The second message was sent on December 10, 2014 and stated:

> hey [Victim 1] it's sam, wow, i c u got married (lucky dude)….i miss u so much, cant get you off my mind, i feel so incomplete with you cause i was so nervous to have sex with you back then, that i just feel like i chumped up, when i should of just gave it to

u, i regret not cumming in u cause i always wanted you to b a piece of my life (always). i hope your husband knows what he has…i hope you get this and contact me at 484-509-3642, a.s.a.p!!! we need to catch up

Commonwealth Ex. 1 (ellipses in original); *see also* N.T. Trial, 5/3/17, at 20-21. The telephone numbers in the two Facebook messages were from Tracfones whose owners could not be identified. N.T. Trial, 5/3/17, at 104-05. Victim 1 testified on cross-examination that subsequent to the assaults by Appellant, she dated and had sex with Appellant's son, Samuel Marrero-Nardo, Jr. *Id.* at 32.

In addition, the Commonwealth called as witnesses Samuel Marrero-Nardo, Jr. and Luis Figueroa, who was in the Lebanon County Correctional Facility with Appellant in January 2016. Samuel Marrero-Nardo, Jr. testified that he had had sex with Victim 1, but denied that he ever communicated with Victim 1 on Facebook and denied that he sent either of the 2014 messages to Victim 1. N.T. Trial, 5/3/17, at 49-53. He denied that he ever used Appellant's Facebook account and testified that the profile picture on the 2014 messages was a photograph of Appellant. *Id.* at 50, 55-56. Figueroa testified that Appellant told him that when he was staying at a house with a mother and two girls, he had sex regularly with the older girl and rubbed the younger girl's vagina under her clothes, and that if the girls reported what happened, he would blame it on his son. *Id.* at 76-78, 80-83, 90-91.

Appellant testified in his own defense and denied that he ever assaulted or sought sex from Victim 1 or Victim 2. N.T. Trial, 5/4/17, at 231-32.

Appellant testified that he worked for the victims' father and admitted that he sometimes spent the night at their house between June 12, 2004 and early July 2004. *Id.* at 209-14. Appellant testified that the phone number in the September 2014 Facebook message was his and that he sent the September 2014 message after his son asked him to contact Victim 1. *Id.* at 219-21. Appellant testified that he did not send the December 2014 message, that the phone number in the message was not his, and that he allowed his son to use his Facebook password. *Id.* at 223-25.

Appellant also called as witnesses a woman in whose home he lived and the victims' mother. Elizabeth Hoover testified that Appellant lived in her residence from August 2004 to March 2005 and that he was not away overnight during that period. N.T. Trial, 5/3/17, at 185-88. The victims' mother testified that Appellant worked for her husband in 2004 or 2005 before her husband's company went bankrupt in April 2005. *Id.* at 191, 193-94. She testified that she never saw Appellant act inappropriately toward her daughters and could not recall whether Appellant stayed overnight at the house. *Id.* at 192. It was stipulated that from April 2004 to June 12, 2004, Appellant was in a halfway house where he was required to be back by 7:00 p.m. every day. *Id.* at 182.

On May 4, 2017, the jury convicted Appellant of one count each of IDSI and statutory sexual assault and two counts each of unlawful contact with a minor, indecent assault, and corruption of minors. N.T. Trial, 5/4/17, at 258-

61; Verdict Form. On August 30, 2017, the trial court sentenced Appellant to an aggregate term of imprisonment of 92 months to 17 years. Sentencing Order, 8/30/17. Appellant filed a timely direct appeal and this Court on December 26, 2018, affirmed Appellant's judgment of sentence. ***Commonwealth v. Marrero-Nardo***, 203 A.3d 349 (Pa. Super. 2018) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on June 10, 2019. ***Commonwealth v. Marrero-Nardo***, 214 A.3d 229 (Pa. 2019).

On April 15, 2020, Appellant filed a timely counseled PCRA petition in which he asserted, *inter alia*, that his trial counsel was ineffective for failing to request that the standard alibi instruction be included in the jury charge and for failing to call a witness, Alicia Keefer, to testify that the telephone number associated with the second 2014 message to Victim 1 did not belong to Appellant. PCRA Petition at 3-4 ¶16. On September 15, 2020, the trial court granted Appellant leave to file a supplemental PCRA petition and on October 14, 2020, Appellant filed a supplemental PCRA petition that asserted the above claims and also added a claim that trial counsel was ineffective for failing to request a jury instruction concerning the open criminal charges against Figueroa. Trial Court Order, 9/15/20; Supplement PCRA Petition at 3-4 ¶19.

On December 22, 2020, the trial court held a hearing on Appellant's PCRA petition at which Appellant, Appellant's trial counsel, and Appellant's

nephew testified.  Appellant testified that he asked trial counsel why he did not request an alibi instruction, that trial counsel did not give him any reason for failing to do so, and that he asked trial counsel to request a jury instruction specifically addressing the fact that Figueroa had open charges pending against him.  N.T. PCRA at 9-11.  Appellant also testified that he and trial counsel discussed calling Keefer, who was the mother of Samuel Marrero-Nardo, Jr.'s children, as a witness and that Keefer was present at the trial. *Id.* at 11-13.  Appellant asserted that Keefer would have testified that the phone number in the December 2014 Facebook message was Samuel Marrero-Nardo, Jr.'s phone number.  *Id.* at 11-12.

Trial counsel testified that he identified Hoover as an alibi witness in an abundance of caution to make sure that her testimony would not be precluded, although he did not believe that it actually provided an alibi, and that he did not request an alibi instruction because Appellant's evidence did not provide an alibi for the entire May 2004 to May 2005 period within which the victims testified that the assaults occurred.  N.T. PCRA at 21-23, 27-32, 35.  Trial counsel testified that he did not request a specific instruction concerning Figueroa's open charges because he believed that the standard instruction that the trial court gave on bias and motive was sufficient.  *Id.* at 32-33.  Trial counsel testified that he did not recall ever being told about Keefer as a possible witness.  *Id.* at 34.  Appellant's nephew testified on rebuttal that Keefer was discussed as a potential witness at a pretrial strategy meeting

between Appellant, himself, and trial counsel and that he saw trial counsel talking with Keefer in the hallway in the courthouse during the trial. *Id.* at 38-42. Keefer was not called as a witness at the PCRA hearing and Appellant did not introduce in evidence any affidavit or other statement from her.

On April 13, 2021, the trial court denied Appellant's PCRA petition. Trial Court Order, 4/13/21. This timely appeal followed. Appellant raises the following three issues in this appeal:

> A. Whether the trial court erred in denying Appellant's Post-Conviction Relief Act Petition for a claim of ineffective assistance of counsel for trial counsel's failure to request that the standard alibi instruction be given to the jury despite the fact that alibi witnesses testified for the defense and an alibi was clearly presented as a defense to the offenses charged?
>
> B. Whether the trial court erred in denying Appellant's Post-Conviction Relief Act Petition for a claim of ineffective assistance of counsel for trial counsel's failure to present witness Alicia Keefer to testify to counter the Commonwealth's claim that the cell phone, from which the incriminating message came, belonged to Appellant?
>
> C. Whether the trial court erred in denying Appellant's Post-Conviction Relief Act Petition for a claim of ineffective assistance of counsel for trial counsel's failure to request that the jury be instructed to consider, as part of their credibility determination, that a key Commonwealth witness, Luis Figueroa, had open criminal charges at the time he testified against Petitioner, thereby creating a strong inference of bias?

Appellant's Brief at 5 (trial court's answers and suggested answers omitted).

Our review of an order denying a PCRA petition is limited to determining whether the record supports the PCRA court's findings and whether its decision is free of error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015);

*Commonwealth v. Orner*, 251 A.3d 819, 824 (Pa. Super. 2021) (*en banc*); *Commonwealth v. Smith*, 181 A.3d 1168, 1174 (Pa. Super. 2018). We must view the findings of the PCRA court and the record in a light most favorable to the prevailing party. *Mason*, 130 A.3d at 617; *Orner*, 251 A.3d at 824; *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*).

All of Appellant's issues are claims that trial counsel was ineffective. To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the defendant must prove: (1) that the underlying claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis designed to effectuate his client's interest; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Mason*, 130 A.3d at 618; *Commonwealth v. Selenski*, 228 A.3d 8, 15 (Pa. Super. 2020); *Commonwealth v. Wantz*, 84 A.3d 324, 331 (Pa. Super. 2014). The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. *Mason*, 130 A.3d at 618; *Selenski*, 228 A.3d at 15; *Smith*, 181 A.3d at 1175. We address Appellant's second issue concerning failure to call a witness first and then consider Appellant's first and third issues, both of which involve failure to request jury instructions.

Failure to call a witness can constitute ineffective assistance of counsel only where the defendant shows that the witness existed, was available, and was willing to testify on the defendant's behalf; that trial counsel knew or

- 8 -

should have known of witness's existence; and that the witness's testimony would have been helpful to the defendant. ***Commonwealth v. Sneed***, 45 A.3d 1096, 1108–09 (Pa. 2012); ***Orner***, 251 A.3d at 825; ***Selenski***, 228 A.3d at 16. To show prejudice from failure to call a witness, the defendant must show that the witness's testimony would be sufficiently beneficial to his defense that there was a reasonable probability of a different outcome at trial if she had testified. ***Sneed***, 45 A.3d at 1109; ***Wantz***, 84 A.3d at 332-34.

The trial court found that even if trial counsel knew of Keefer as a potential witness, Appellant had not proven ineffective assistance of counsel because there was no evidence that Keefer was willing to testify or evidence as to what her testimony would have been. Trial Court Opinion, 4/13/21, at 15. We agree. Appellant introduced evidence that trial counsel knew of Keefer as a potential witness and that Keefer could be found and Appellant claimed that she would have provided testimony supporting his claim that the December 2014 Facebook message was sent by his son and not by him. Appellant, however, introduced no evidence that Keefer was willing to testify for him. Most importantly, because Appellant did not call Keefer as a witness or introduce in evidence any affidavit or statement by Keefer, there was no evidence as to what Keefer's testimony would have been or that Keefer would testify as Appellant alleged. Absent evidence from Keefer that she was willing to testify for him and showing the testimony that she would have given at trial, Appellant could not meet his burden of proving that she was willing to

testify and that her testimony would have been helpful to his defense. Appellant therefore did not show that trial counsel's failure to call her as a witness constituted ineffective assistance of counsel. ***Commonwealth v. Lopez***, 739 A.2d 485, 496 (Pa. 1999) (unsubstantiated allegations concerning alleged alibi witnesses are insufficient to show ineffective assistance of counsel for failure to call those witnesses); ***Selenski***, 228 A.3d at 17 (ineffectiveness of counsel for failure to call witness not shown where witness did not testify at PCRA hearing and no affidavit from witness was introduced).

In his first issue, Appellant argues that trial counsel was ineffective for failure to request the standard alibi instruction. As the trial court correctly concluded, Trial Court Opinion, 4/13/21, at 11-13, this claim fails because a request for such a jury instruction lacked arguable merit. An alibi is a defense that the defendant was in a different place at the time that the crime was committed so as to render it impossible for him to be the guilty party. ***Commonwealth v. Jones***, 210 A.3d 1014, 1017 (Pa. 2019); ***Commonwealth v. Johnson***, 966 A.2d 523, 537 n.5 (Pa. 2009); ***Commonwealth v. Mikell***, 729 A.2d 566, 570 (Pa. 1999). If the defendant introduces evidence that he was not near the scene of the crime when the crime was committed, he is entitled to an alibi instruction. ***Jones***, 210 A.3d at 1017; ***Johnson***, 966 A.2d at 537 n.5; ***Mikell***, 729 A.2d at 570. The defendant is not entitled to an alibi instruction, however, where the evidence concerning his whereabouts does not make it impossible for him to have

committed the crime. ***Commonwealth v. Collins***, 702 A.2d 540, 545 (Pa. 1997); ***Commonwealth v. Kolenda***, 676 A.2d 1187, 1190-91 (Pa. 1996); ***Commonwealth v. Bookard***, 978 A.2d 1006, 1007–08 (Pa. Super. 2009) (*en banc*); ***Commonwealth v. Mays***, 675 A.2d 724, 728-29 (Pa. Super. 1996).

The time within which the assaults occurred was a one-year period from May 2004 to May 2005 and the victims testified that the assaults occurred when Appellant was staying at the victims' house overnight. N.T. Trial, 5/3/17, at 6-7, 9-16, 27-30, 57-58, 61-64, 72. Appellant introduced evidence that he was not at their house overnight at any time before June 12, 2004 or in the period from August 2004 to March 2005 and that he was not there after April 2005. ***Id.*** at 182, 185-88, 193-94. Appellant, however, admitted that he sometimes stayed overnight at the victims' house between June 12, 2004 and early July 2004. N.T. Trial, 5/4/17, at 210-14. Because Appellant admitted that he was at the victims' house and stayed overnight there during the period within which the assaults occurred, his evidence did not make it impossible for him to have committed the crimes. Appellant therefore was not entitled to an alibi instruction and trial counsel's failure to request such an instruction cannot constitute ineffective assistance of counsel. ***Collins***, 702 A.2d at 545; ***Kolenda***, 676 A.2d at 1191; ***Mays***, 675 A.2d at 729.

In his final claim of error, Appellant asserts that trial counsel was ineffective in failing to request that the jury be specifically instructed to

consider Figueroa's pending criminal charges in evaluating Figueroa's credibility. Appellant is correct that a request for such a jury instruction would have had arguable merit. *Commonwealth v. Harris*, 852 A.2d 1168, 1176 (Pa. 2004); *Commonwealth v. Thompson*, 739 A.2d 1023, 1031 (Pa. 1999).

Appellant's claim fails, however, because the record shows that Appellant was not prejudiced by the absence of such an instruction.[2] To satisfy the prejudice element of an ineffective assistance of counsel claim, the defendant must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Mason*, 130 A.3d at 618; *Selenski*, 228 A.3d at 16; *Stewart*, 84 A.3d at 707. The reasonable probability of a different result required to show prejudice is a probability sufficient to undermine confidence in the outcome of the proceeding. *Jones*, 210 A.3d at 1019; *Selenski*, 228 A.3d at 16; *Stewart*, 84 A.3d at 707.

Where the witness's pending charges and motive to fabricate to obtain leniency are amply brought out at trial and the jury is properly instructed on bias as a factor in evaluating all witnesses' credibility, the defendant cannot show that counsel's failure to request such an instruction prejudiced him.

---

[2] Although it is not clear whether the trial court rejected this claim for lack of prejudice, Trial Court Opinion, 4/13/21, at 10, we may affirm the trial court's decision on any valid basis. *Selenski*, 228 A.3d at 15; *Commonwealth v. Janda*, 14 A.3d 147, 161 n.8 (Pa. Super. 2011).

*Harris*, 852 A.2d at 1176-78; *Thompson*, 739 A.2d at 1031. That is the case here. Trial counsel extensively cross-examined Figueroa concerning his pending charges and his desire to be sent to a drug rehabilitation facility and avoid being sent to state prison. N.T. Trial, 5/3/17, at 86-90. Through this cross-examination and a stipulation of the parties, the jury was apprised that Figueroa was in fact sent to a rehabilitation facility after reporting what he contended Appellant told him and that he was released from the Lebanon County Correctional Facility the day after he gave a statement to law enforcement that Appellant had admitted committing the assaults. *Id.* at 87-88, 183. The trial court instructed the jury to consider the interest and bias of all witnesses who testified in evaluating their credibility and the weight of their testimony. N.T. Jury Instructions, 5/4/17, at 11-12.

Moreover, the Commonwealth's case did not rest primarily on Figueroa's testimony; it was based on the victims' direct testimony concerning what Appellant did to them and was corroborated by the Facebook messages to Victim 1. In addition, the credibility of Figueroa's testimony was further impeached by trial counsel on the grounds that Figueroa had little contact with Appellant and that his claims concerning Appellant's statements were inconsistent with both victims' testimony. N.T. Trial, 5/3/17, at 84-86, 90-91, 94. Given these facts coupled with the fact that the issue was fully explored at trial and the jury was properly instructed on bias, there is no

reasonable probability that an additional specific instruction concerning pending charges would have affected the jury's verdict.

Appellant argues that even if he did not show prejudice with respect to this claim, the cumulative effect of trial counsel's three alleged errors satisfies the prejudice requirement. That argument likewise fails. Cumulative prejudice may only be considered where multiple claims have been rejected due to lack of prejudice. *Commonwealth v. Hutchinson*, 25 A.3d 277, 319 (Pa. 2011); *Johnson*, 966 A.2d at 532. "[N]o number of failed [ineffectiveness] claims may collectively warrant relief if they fail to do so individually." *Johnson*, 966 A.2d at 532 (second bracket in original) (quoting *Commonwealth v. Washington*, 927 A.2d 586 (Pa. 2007)).

Here, only one of Appellant's ineffective assistance of counsel claims failed solely for lack of prejudice. Appellant's alibi instruction claim failed for lack of arguable merit and his claim that counsel should have called Keefer as a witness failed because he did not show that counsel had any reason to call her. Even if our rejection of this latter claim in part involved an issue of lack of prejudice, there was no evidence that the absence of Keefer as a witness had any, even minor, effect on Appellant's trial because Appellant failed to show what Keefer's testimony would have been. There is therefore no additional effect from that claim to augment Appellant's insufficient showing of prejudice on his third claim.

For the foregoing reasons, we conclude that Appellant did not show any ineffective assistance of counsel by his trial counsel. Accordingly, we affirm the PCRA court's order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/23/2022