J-S10031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EBONY EVANS | : | |
| | : | |
| Appellant | : | No. 1122 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 14, 2021
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0002506-2019

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED: JULY 5, 2022**

Ebony Evans appeals from the judgment of sentence imposed following a jury trial in which she was found guilty of fleeing or attempting to elude a police officer.[1] The lower court also found Evans guilty of eight summary traffic offenses related to the same incident including, chiefly, driving while on a suspended or revoked license.[2] In addition to imposing various fines and the costs of prosecution, the court specifically sentenced Evans on the primary offense to two years of restrictive punishment, with the first six months being on house arrest. For driving on a suspended or revoked license, Evans received six months of house arrest. On appeal, Evans singularly contends

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **_See_** 75 Pa.C.S.A. § 3733(a).

[2] **_See_** 75 Pa.C.S.A. § 1543(a).

that the lower court abused its discretion in prohibiting the testimony of Denzel Swan, an individual who purportedly would have testified that he, and not Evans, was the vehicle's driver on the night in question in this case. As we see no basis to conclude that Swan is anything other than an alibi witness and Evans admittedly did not provide the Commonwealth with alibi notice as is required under Pennsylvania Rule of Criminal Procedure 567, we are constrained to affirm.

In January 2019, a police officer, on patrol and working an overnight shift in a fully marked police cruiser, spotted a red vehicle passing him. The officer established that the registered owner of the vehicle was Evans and further uncovered that Evans's license was suspended.[3] Immediately thereafter, the officer began to follow the red vehicle, eventually pulling alongside the car when they were both stopped at an intersection's red light. It was at this point that the officer indicated he had a clear line of sight and was able to positively identify Evans as the driver, noting that the driver was a female, was wearing women's clothing, and that she her hair up in a bun.

When the intersection's light became green and having confirmed that Evans was the driver of the vehicle, the officer attempted to initiate a traffic stop. After some period of time, which involved the red vehicle using erroneous turn signals, slow driving, and stopping briefly, it eventually came

_____

[3] This information was gleaned from a National Crime Information Center (NCIC) database search. The search also allowed the officer to see a driver's license photograph of Evans.

- 2 -

to a complete stop.

As the officer, on foot, approached the car, it proceeded to speed away, which resulted in yet another pursuit. The officer, with his lights and siren fully on, stated that his speed, in attempting to get the red vehicle to stop this second time, approached seventy miles an hour.[4] Eventually, after engaging in yet more vehicle infractions such as failing to signal prior to turning, going through at least one stop sign without stopping, going down the wrong way on a one-way street, and crossing a double-yellow line on the roadway, the car began to leave the officer's jurisdiction, going into a densely-populated residential area, so he terminated the chase.

Several hours later, police officers went to Evans's residence, having knowledge of the address from the NCIC search. At that point, Evans was sleeping in her room.

Prior to trial, Evans made it known to the Commonwealth and the court that she intended to have Denzel Swan testify. Although she provided requisite notice to the Commonwealth that Evans's mother, Carol Evans, would provide an alibi for her via testimony, the same was not furnished for Swan. Counsel did not believe that Swan's testimony fell under the auspice of an alibi defense. After the Commonwealth motioned to preclude Swan's testimony and in the absence of any Rule 567 alibi notice from Evans, the court granted its motion and barred Swan from testifying.

---

[4] The posted speed limit, at times, was as low as thirty-five miles per hour.

At trial, the officer acknowledged a lack of interior lighting in the red vehicle. Moreover, although the officer indicated that the vehicles were stopped next to each other for approximately ten to twenty seconds, video evidence showed that the red light encounter actually only lasted for about two seconds. However, the officer emphasized that the intersection where both vehicles were stopped was a well-lit commercial area.

In Evans's defense, both she and her mother testified that Evans was asleep when the aforesaid situation occurred. Evans's mother asserted that she was a light sleeper and would have known had Evans left the residence at any point throughout the night. Likewise, Evans denied driving the red vehicle that evening. Instead, she maintained that the vehicle, which was a birthday gift for Evans's daughter, was in the process of being repaired at Swan's house.[5] Furthermore, Evans remarked that Swan is of a similar height and weight as Evans. However, Swan wore glasses and had both facial tattoos and a beard.

After the adjudication of guilt and sentencing, Evans concurrently filed a post-sentence motion as well as a motion to stay her sentence. The court denied the former motion and granted the latter. Subsequently, Evans filed a timely notice of appeal. The parties have complied with their respective obligations under Pennsylvania Rule of Appellate Procedure 1925, and as such, this matter is ripe for review.

_____

[5] Swan is the father of Evans's daughter.

On appeal, Evans solely contends that:

1) The trial court abused its discretion when it found testimony from Denzel Swan was alibi testimony and precluded such testimony because Evans failed to provide notice of alibi for Swan to the Commonwealth. Swan's testimony that he was the driver was not an alibi, but instead a claim that he was the perpetrator of the crimes for which Evans was charged. Swan's claim that he was the perpetrator does not make it impossible for Evans to have committed the crime, a key feature of an alibi, but instead requires the jury to weigh the credibility of Swan against the testimony of the officer who claimed Evans was the driver during the traffic stop.

*See* Appellant's Brief, at 4. Stated somewhat differently, Evans believes that "Swan was not an alibi witness in the traditional sense, but instead was admitting that he was the driver of the vehicle that evening." *Id*., at 12.

As this issue is inherently evidentiary in nature, we note that "[t]he admission or exclusion of evidence is within the sound discretion of the trial court and will not be reversed absent a clear abuse of that discretion." *Commonwealth v. Rosarius*, 771 A.2d 29, 32 (Pa. Super. 2001). Our Supreme Court has defined an alibi as "a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him [or her] to be the guilty party." *Commonwealth v. Kolenda*, 676 A.2d 1187, 1190 (Pa. 1996). In other words, "in order to constitute an alibi, evidence must preclude the possibility of defendant's presence at the scene of the crime." *Commonwealth v. Jones*, 602 A.2d 820, 822 (Pa. 1992).

Rule 567, in its relevant parts, reads as follows:

**(A) Notice by Defendant.** A defendant who intends to offer the defense of alibi at trial shall file with the clerk of courts not later than the time required for filing the omnibus pretrial motion provided in Rule 579 a notice specifying an intention to offer an alibi defense, and shall serve a copy of the notice and a certificate of service on the attorney for the Commonwealth.

&ast; &ast; &ast;

(2) The notice shall contain specific information as to the place or places where the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses whom the defendant intends to call in support of the claim.

**(B) Failure to File Notice.**

(1) If the defendant fails to file and serve the notice of alibi as required by this rule, the court may exclude entirely any evidence offered by the defendant for the purpose of proving the defense, except testimony by the defendant, may grant a continuance to enable the Commonwealth to investigate such evidence, or may make such other order as the interests of justice require.

(2) If the defendant omits any witness from the notice of alibi, the court at trial may exclude the testimony of the omitted witness, may grant a continuance to enable the Commonwealth to investigate the witness, or may make such other order as the interests of justice require.

Pa.R.Crim.P. 567.

Essentially, Evans believes that Swan was not an alibi witness, and therefore that his testimony was not subject to Rule 567, because what he would have said at trial did "not make it impossible for [Evans] to have been at the scene of the crime, which is a key feature of an alibi witness. Thus, Swan was taking responsibility for the crimes without claiming that Evans was

not present[.]" Appellant's Brief, at 12. In particular, "Swan intended to testify that he was the driver of the [red vehicle], not Evans." *Id*., at 13-14.

Even assuming, *arguendo*, there to be some legal merit to the proposition that Swan's testimony, if it would have been limited to a statement indicating that he was the driver (without any indicia of Evans's presence), somehow circumvented alibi concerns, such a contention is expressly refuted by what happened on the record. There, in the context of discussing the admissibility of Swan's testimony, the court asked: "[w]as [Evans] not in the car?" N.T., 6/7/21, at 6. Evan's counsel responded: "[c]orrect, she was not in the car." *Id*. When further inquiry was made, Evan's counsel unequivocally stated that "he wasn't with [Evans] at the time. She was home." *Id*., at 8. Therefore, the record exclusively reflects that Swan would have stated, or at least had knowledge that, Evans was not present with him.

Substantively, in making its determination, the court found that Swan's testimony would have provided Evans with an alibi. Although Swan would have, if asked, testified to her absence in the vehicle at the time, which is distinct from a typical alibi situation where there is direct observation of the person who is the subject of the alibi, his statements would have revealed that she was at a different place than the at-issue scenes of the crimes, rendering her commission of those crimes an impossibility. ***See Kolenda***, ***supra***.

The court noted that, based upon what was stated, Swan's "testimony would render it impossible for [Evans] to be guilty of the crimes charged

because … Swan's proffered testimony would place [Evans] outside of the [red vehicle] at the time of the incident." Trial Court Opinion, 10/14/21, at 8 (unpaginated). "Therefore, … the testimony of … Swan would remove [Evans] from the scene of the incident, and thus place [Evans] elsewhere at the time of the incident[.]" *Id*. The Commonwealth, in its brief, provided a similar sentiment. *See* Appellee's Brief, at 11 ("At trial, defense counsel indicated that Swan would testify to being the driver of the vehicle and to the fact that [Evans] was not in the car[.]").

To the extent that Evans claims that an alibi witness must be able to provide an accused's actual location in order to necessitate Rule 567 notice, she has provided no authority in support of that proposition. Conversely, we are inclined to agree with the Commonwealth that "[a]n alibi witness need only offer testimony that furthers the defense that [a defendant] could not have done the crime because she was not present." *Id*., at 15. This interpretation appears to comport with our prior precedent and Rules of Criminal Procedure.

In summary, given that: (1) Swan's testimony would have shown her not to be present in the vehicle; (2) the legal precept of an alibi places the accused away from the scene, to render the complained of criminal acts an impossibility; and (3) Evans provided no Rule 567 alibi notice, it was not an abuse of discretion for the lower court to prevent Swan from testifying. Accordingly, we affirm Evans's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/05/2022